Bryan Roland HOITT, Appellant,

v.

The STATE of Texas, Appellee.

No. 06-00-00048-CR.

Court of Appeals of Texas,
Texarkana.

Submitted Oct. 23, 2000.

Decided Oct. 24, 2000.

Ebb B. Mobley, Longview, for appellant.

Tim Cone, Upshur County Dist. Atty., Gilmer, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Bryan Roland Hoitt was charged with intentionally and knowingly causing bodily injury to an elderly individual,[1] enhanced by a prior felony conviction.[2] He entered a plea of not guilty, but was found guilty by the jury of the lesser included offense of recklessly causing injury to an elderly individual, a state jail felony.[3] The court assessed his punishment and sentenced him to eighteen months' confinement in a state jail, without credit for time served, and ordered that his sentence "run consecutively with two prior convictions."

The record reveals that late one evening Hoitt broke into the home of Sidney Pool, knocked Pool down, demanded "sweet milk," carried him outside, and sat on top of him demanding keys to a pickup truck. Pool's brother Moody heard the commotion from next door and came to Sidney's aid. Moody was able to get Hoitt off of his brother, and Hoitt fled toward a neighboring home. Sidney testified that he received two cuts to his hand and was sore for several days afterward.

In his first point of error, Hoitt contends that the State improperly amended the indictment to add an enhancement paragraph alleging a prior conviction for

---

1. TEX. PEN.CODE ANN. § 22.04(a)(3), (f) (Vernon Supp.2000).

2. TEX. PEN.CODE ANN. § 12.42(a)(3) (Vernon Supp.2000).

3. TEX. PEN.CODE ANN. § 12.35(a) (Vernon 1994).

forgery. The indictment contains a hand-written enhancement paragraph. Hoitt contends, and the State concedes, that the indictment was altered sometime after the grand jury presented it on December 11, 1998. The State filed a motion to amend the indictment on April 7, 1999, which was granted the same day. The State never read the enhancement paragraph at the punishment phase.

TEX.CODE CRIM. PROC. ANN. art. 28.10(c) (Vernon 1989) provides as follows:

An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

Hoitt contends that his substantial rights were prejudiced because the grand jury was not allowed to screen the enhancement paragraph. The effect of the change, he contends, was to increase the offense from a third degree felony to a second degree felony. *See* TEX. PEN.CODE ANN. § 12.42(a)(3) (Vernon Supp.2000); TEX. PEN.CODE ANN. § 22.04(a)(3), (f) (Vernon Supp.2000). The punishment range for a third degree felony is two to ten years' confinement and a fine not to exceed $10,000.00. The punishment range for a second degree felony is two to twenty years' confinement and a fine not to exceed $10,000.00. TEX. PEN.CODE ANN. §§ 12.33, 12.34 (Vernon 1994). Thus, he maintains, the State had "carte blanche" to determine the punishment range at trial.

■ However, the amendment in this case is a nullity because the jury convicted Hoitt of the lesser included offense of recklessly causing injury to an elderly individual, a state jail felony. TEX. PEN.CODE ANN. § 12.35 (Vernon 1994) provides:

(a) Except as provided by Subsection (c), an individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days.

(b) In addition to confinement, an individual adjudged guilty of a state jail felony may be punished by a fine not to exceed $10,000.

(c) An individual adjudged guilty of a state jail felony shall be punished for a third degree felony if it is shown on the trial of the offense that:

(1) a deadly weapon ... was used or exhibited during the commission of the offense or during immediate flight following the commission of the offense, and that the individual used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited; or

(2) the individual has previously been finally convicted of any felony:

(A) listed in Section 3g(a)(1), Article 42.12, Code of Criminal Procedure; or

(B) for which the judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12, Code of Criminal Procedure.

TEX. PEN.CODE ANN. § 12.42(a) (Vernon Supp.2000) provides in relevant part:

(1) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two state jail felonies, on conviction the defendant shall be punished for a third-degree felony.

(2) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies ... on conviction the defendant shall be punished for a second-degree felony.

(3) If it is shown on the trial of a state jail felony punishable under Section 12.35(c) ... that the defendant has been once before convicted of a felony, on conviction he shall be punished for a second-degree felony.

Hoitt's conviction did not involve a deadly weapon, the enhancement offense alleged (forgery) is not listed in TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1) (Vernon Supp.2000), and the judgment did not contain an affirmative finding under TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (Vernon Supp.2000). Therefore, even if the amendment was improper, it was harmless error because the offense for which the jury found Hoitt guilty was one punishable under Section 12.35(a) and could not be enhanced with a single prior felony conviction. In addition, the trial court assessed punishment within the range for a state jail felony and recited in its judgment that there was no plea to the enhancement allegation and that no findings on enhancement were made.

■ Further, Hoitt failed to timely object to the amendment of the indictment and therefore did not preserve error. An amendment is an alteration to the face of the charging instrument that affects the substance of the charging instrument. *Eastep v. State*, 941 S.W.2d 130, 132 (Tex. Crim.App.1997). An amendment can be accomplished by physical interlineation of the original indictment or by incorporating into the record, at the direction of the trial court and with the knowledge and affirmative assent of the defense, an amended version of a photocopy of the original indictment. *Riney v. State*, 28 S.W.3d 561, 2000 Tex.Crim.App. LEXIS 88 (Tex.Crim. App.2000).

The record does not reveal when the indictment was actually amended, i.e., whether it was before trial, on the day of trial, or at trial. Under the facts of this case, however, the issue of when the indictment was amended is ultimately immaterial.

■ If an indictment is amended before trial, the defendant has an absolute right to request ten days in which to respond to the amended indictment. TEX.CODE CRIM. PROC. ANN. art. 28.10(a) (Vernon 1989).[4] The failure to object to an indictment before trial waives any objection on appeal. TEX.CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon Supp.2000).[5]

■ If an indictment is amended during trial, the defendant must object to the amendment or the objection is waived. TEX.CODE CRIM. PROC. ANN. art. 28.10(b) (Vernon 1989).[6] Alternatively, the defendant can request ten days in which to respond to the mid-trial amendment. *Collins v. State*, 806 S.W.2d 578, 580 (Tex. App.—Dallas 1991, pet. ref'd). If an indictment is amended on the day of trial, the defendant must object to the amendment or the objection is waived. *State v. Murk*, 815 S.W.2d 556, 558 (Tex.Crim.App. 1991).

The record reveals that Hoitt did not object to the amendment either before or during trial. Therefore, because Hoitt failed to timely assert his objection, he has waived his contention that the grand jury should have been given the opportunity to review the enhancement allegation.

Hoitt also contends that the amendment was made without notice to him. Howev-

---

**4.** TEX.CODE CRIM. PROC ANN. art. 28.10(a) (Vernon 1989) provides as follows:

   After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

**5.** TEX.CODE CRIM. PROC ANN. art. 1.14(b) (Vernon Supp.2000) provides as follows:

   If the defendant does not object to a defect ... of form or substance in an indictment ... before the date on which [trial begins,] he waives ... the right to object ... and he may not raise the objection on appeal....

**6.** TEX.CODE CRIM. PROC. ANN. art. 28.10(b) (Vernon 1989) provides as follows:

   A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

er, the record shows that the State certified that it served a copy of its motion to amend on Hoitt's attorney on the same day that it was presented to the trial court. We overrule Hoitt's first point of error.

In his second point, Hoitt contends that the trial court did not properly cumulate the sentence in this case with another sentence. He contends that there is not enough information in the judgment to show with which other sentence the sentence in the present case is to be cumulated.

At the end of trial, the trial court pronounced sentence of eighteen months' confinement and ordered that sentence to run consecutively with "the other two sentences that have already been rendered in cases against you." The judgment also states that the sentence "shall run consecutively with two prior convictions."

▮ The trial court has discretion to stack sentences for two different offenses. TEX.CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon Supp.2000). A cumulation order should be sufficiently specific to allow prison officials and the defendant to identify the prior conviction with which the newer conviction is cumulated. *Williams v. State,* 675 S.W.2d 754, 763 (Tex.Crim.App. 1984) (opinion on reh'g); *Ward v. State,* 523 S.W.2d 681, 682 (Tex.Crim.App.1975). The order should include: (1) the trial court number of the prior conviction; (2) the correct name of the court where the prior conviction was taken; (3) the date of the prior conviction; (4) the term of years of the prior conviction; and (5) the nature of the prior conviction. *Banks v. State,* 708 S.W.2d 460, 461 (Tex.Crim.App.1986); *Ward,* 523 S.W.2d at 682; *Phillips v. State,* 488 S.W.2d 97, 99 (Tex.Crim.App. 1972).

▮ These requirements are not absolute, and cumulation orders containing less information have been held valid. *See, e.g., Stokes v. State,* 688 S.W.2d 539, 540–41 (Tex.Crim.App.1985) (order contained only the cause number and the court of the

prior conviction); *Ex parte Shields,* 371 S.W.2d 395, 395 (Tex.Crim.App.1963) (order contained the cause number, the date, and the court of the prior conviction); *Ex parte Daffern,* 162 Tex.Crim. 472, 286 S.W.2d 151, 151 (1956) (order contained only the date and the court of the prior conviction). When the cumulation order is made in the same court in which the prior sentence was imposed, the order is sufficient when it contains only the previous cause number. *Ex parte San Migel,* 973 S.W.2d 310, 311 (Tex.Crim.App.1998); *Hamm v. State,* 513 S.W.2d 85, 86–87 (Tex. Crim.App.1974); *Ex parte Davis,* 506 S.W.2d 882, 883–84 (Tex.Crim.App.1974); *Ex parte March,* 423 S.W.2d 916, 919 (Tex. Crim.App.1968), *overruled on other grounds, Gordon v. State,* 575 S.W.2d 529, 531 n. 2 (Tex.Crim.App. [Panel Op.] 1978); *Ex parte Lewis,* 414 S.W.2d 682, 683 (Tex. Crim.App.1967).

▮ In the present case, the trial court's signed judgment and its oral pronouncement are deficient in that they mention only the fact of a prior conviction. The State contends that the two other convictions arose out of the same court as this present case. However, the State fails to refer to any evidence in the record from which we can draw this conclusion. No mention is made in the record of the court in which the prior conviction was entered, the date of that conviction, the sentence, or the nature of the offense.

Recently, the Texas Court of Criminal Appeals required that a habeas applicant demonstrate that he was harmed by a deficiency in the cumulation order. *Ex parte San Migel,* 973 S.W.2d at 311. In that case, the trial court cumulated the sentence with "Cause Number from Williamson County case." *Id.* at 310 n. 1. The court held that the applicant must show that the Texas Department of Criminal Justice (TDCJ) is improperly cumulating the sentences in order for the cumulation order to be void. *Id.* at 311.

■ We see no principled basis on which to distinguish the court's holding in *San Migel* from the present case. Hoitt has not demonstrated or even alleged that TDCJ is improperly cumulating his sentences for the three offenses. Therefore, we overrule his second point of error.

In his third point of error, Hoitt contends that the trial court improperly denied him credit for time served before his trial and conviction. The record reveals that Hoitt was arrested on October 23, 1998, made bond on October 27, 1998, had his bond revoked on December 15, 1998, and was rearrested on December 18, 1998. Thereafter, he was in jail until his trial on November 17, 1999, a total of 340 days.

Article 42.12 of the Code of Criminal Procedure provides:

> A judge *may* credit against any time a defendant is required to serve in a state jail felony facility time served by the defendant in county jail from the time of the defendant's arrest and confinement until sentencing by the trial court.

TEX.CODE CRIM. PROC. ANN. art. 42.12, § 15(h)(2) (Vernon Supp.2000) (emphasis added). Hoitt portrays a conflict between Article 42.12, § 15(h)(2) and Article 42.03 of the Code of Criminal Procedure, which provides:

> In all criminal cases the judge of the court in which the defendant was convicted *shall* give the defendant credit on his sentence for the time that the defendant has spent in jail in said cause, other than confinement served as a condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court.

TEX.CODE CRIM. PROC. ANN. art. 42.03, § 2(a) (Vernon Supp.2000) (emphasis added).

■ Assuming these provisions could not be reconciled, Article 42.12 prevails because a specific statute controls a general statute. *See* TEX. GOV'T CODE ANN. § 311.026(b) (Vernon 1988); *Busby v. State*, 984 S.W.2d 627, 629 (Tex.Crim.App. 1998). We held as much in relation to a prior version of Article 42.12, § 15(h)(2). *Jimerson v. State*, 957 S.W.2d 875, 876–77 (Tex.App.—Texarkana 1997, no pet.) (holding that a pre–1997 version of Article 42.12 controlled over Article 42.03 such that the trial court had discretion to give a defendant credit for time served from his arrest to his sentencing after revocation of his community supervision).

■ Nevertheless, in *Ex parte Harris*, 946 S.W.2d 79, 80 (Tex.Crim.App.1997), the Texas Court of Criminal Appeals recognized an exception to Article 42.12, § 15(h)(2) when a defendant was unable to post bond because of his indigence and was assessed the maximum allowable punishment. In that situation, equal protection requires the trial court to credit time served between the defendant's arrest and the entry of his guilty plea.[7] *Id.* In *Ex parte Bates*, 978 S.W.2d 575, 577 (Tex. Crim.App.1998), the Texas Court of Criminal Appeals held the *Harris* exception inapplicable where a habeas applicant was assessed less than the maximum punishment and would not be required to serve more than the maximum punishment term even if his pretrial jail time were added to the term assessed.

The present case is different because Hoitt was confined for eleven months before his trial, was sentenced to serve eighteen months, and the maximum penalty for his offense is two years. TEX. PEN.CODE ANN. § 12.35(a). Therefore, unlike the habeas applicant in *Bates*, the second element of the *Harris* exception is applicable here because adding Hoitt's eleven-month pretrial confinement to his eighteen-month sentence yields a total time of confinement

---

7. Though *Harris* involved a guilty plea, it is nevertheless applicable where, as here, the defendant is convicted after a jury trial. *Harris* was based in part on an earlier case involving credit for time served before the defendant's jury trial. *Ex parte Harris*, 946 S.W.2d 79, 80 (Tex.Crim.App.1997) (citing *Caraway v. State*, 550 S.W.2d 699, 700–01, 705 (Tex.Crim.App.1977)).

greater than the maximum allowable sentence. Whether the *Harris* exception applies, therefore, turns on the question of whether Hoitt was indigent for purposes of obtaining a bail bond.

■ That question is also relevant in addressing Hoitt's contention that denying him credit for time served from his arrest to his sentencing violates his right to due course of law under the Texas Constitution. TEX. CONST. art I, § 19. While there is no federal constitutional right to credit for time served between an arrest and sentence, *Ex parte Price*, 922 S.W.2d 957, 958 (Tex.Crim.App.1996) (citing *Ex parte Canada*, 754 S.W.2d 660, 665 (Tex.Crim. App.1988)), the Texas Court of Criminal Appeals has found a due process or due course of law violation in statutes that give the trial court discretion to deny credit for time served pending (1) appeal, (2) a motion to revoke parole, and (3) a motion to revoke community supervision of a state jail felony. *Ex parte Bates*, 978 S.W.2d at 578 (revocation of community supervision); *Ex parte Canada*, 754 S.W.2d at 667 (revocation of parole); *Ex parte Griffith*, 457 S.W.2d 60, 65 (Tex.Crim.App.1970) (appeal). Those cases are all predicated on the rationale that a person could be deterred from appealing or requesting a hearing on revocation by the prospect of spending a long period of time in prison and then not receiving credit for that time. *Ex parte Bates*, 978 S.W.2d at 577–78.

Similarly, when a defendant is confined pretrial, he faces a decision whether to plead guilty or to proceed to trial on a plea of not guilty. If he pleads guilty, his pretrial confinement will be lessened in most cases. If he proceeds to trial on a plea of not guilty, his pretrial confinement will be lengthened in most cases. In either event, the trial court has discretion whether to grant him credit for time served under Article 42.12, § 15(h)(2). The defendant therefore faces the same calculation he faces whenever he is deciding whether to plead guilty: the possibility of receiving a shorter sentence by pleading guilty or the possibility of receiving a longer sentence or an acquittal by proceeding to trial on a plea of not guilty.

■ In most instances, one charged with an offense is constitutionally entitled to make a bail bond and be released from custody. *Ex parte Canada*, 754 S.W.2d at 667 (citing TEX. CONST. art. I, § 11). Thus a defendant who cannot afford a bond could conceivably argue that not granting him credit for time served deprives him of his right to due course of law, because he potentially faces a longer period of uncredited time served by proceeding to trial on a plea of not guilty.

■ We must therefore assess whether Hoitt was indigent for purposes of obtaining a bail bond. The record demonstrates that Hoitt made bond on October 27, 1998, four days after his arrest. His bond was revoked on December 15, 1998, and he was rearrested on December 18, 1998. The affidavit of his surety recites as cause for revoking the bond that "[s]ubject was rearrested on a Blue warrant and fail [sic] to pay bond fee and that violate [sic] his contract agreement."

Though not conclusive on the issue of whether Hoitt was indigent for purposes of making bond, we note that Hoitt received appointed counsel on November 2, 1998, but retained counsel on January 8, 1999. On May 25, 1999, his attorney moved to withdraw, citing Hoitt's inability and unwillingness to pay his legal fee and Hoitt's desire to be represented by court-appointed counsel. On June 11, 1999, the trial court granted his attorney's motion and appointed new counsel.

From the record, we cannot determine whether Hoitt was indigent for purposes of obtaining a bail bond. It is unclear from the record whether Hoitt's surety chose to seek release from the bond because of Hoitt's blue warrant, or because Hoitt could not pay his bond fee, or both. The fact that Hoitt retained counsel could lead to the conclusion that he was not indigent; however, the record also supports the con-

clusion that he could not pay his attorney and was therefore indigent.

In *Harris*, the Texas Court of Criminal Appeals commented that it initially had to remand the case to the trial court for a determination of whether Harris was indigent. Similarly, we remand this appeal to the trial court for a determination of whether Hoitt was indigent for purposes of obtaining a bail bond and whether he was indigent for the entire time of his pretrial confinement or for some shorter period. The trial court is further directed to grant Hoitt credit for at least the number of days spent in pretrial confinement while indigent, if any, that, together with the punishment assessed, exceed the maximum penalty for his offense.

The trial court's judgment is otherwise affirmed. This case is remanded for further proceedings consistent with this opinion.