In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00011-CV


______________________________




MEDTRONIC SOFAMOR DANEK, INC., ET AL., Appellants



V.



MOHAMMAD TAMOOZI, INDIVIDUALLY AND AS 


NEXT FRIEND OF APRIL NOORI TAMOOZI, AUDRI ANN TAMOOZI, 

AND ASHLI MARIE TAMOOZI, MINOR CHILDREN, Appellees



 


On Appeal from the 165th Judicial District Court


Harris County, Texas


Trial Court No. 1999-46214




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Medtronic Sofamor Danek, Inc., and Sofamor Danek, L.P., appellants, and Mohammad
Tamoozi, Individually and as Next Friend of April Noori Tamoozi, Audri Ann Tamoozi, and Ashli
Marie Tamoozi, Minor Children, appellees, have filed a joint motion in which, pursuant to a
settlement, they ask this Court to vacate the judgment from which they have appealed without regard
to its merits and to render a judgment dismissing the action with prejudice, and with each party to
bear its own costs. Pursuant to Tex. R. App. P. 42.1 and 43.2(a), the motion is granted.

 Pursuant to the terms of their agreement, we order the judgment of the trial court vacated and
order the action dismissed with prejudice.


 Jack Carter

 Justice


Date Submitted: April 21, 2003

Date Decided: April 22, 2003



the order because before, we were looking at a second-degree felony, punishment range being two to twenty years. The way it's amended
now, it's habitual, and if Mr. Daniels is found guilty, he's looking at a minimum of
twenty-five years to life in the penitentiary. And, further, our perspective is even the
amendment that is attached to the order amending the indictment, even if you go
ahead and say it's proper to amend it, we say that that is legally insufficient because
that indictment is not signed by any criminal district attorney or even the foreperson
of the grand jury, and, in our perspective, it's legally insufficient to proceed to trial
today.

 

 . . . . 

 

 [The State]: Your Honor, the State filed a motion and the order was signed. 
The clerk's file will reflect the date it was actually filed. On that date, not only did
I give verbal notice to [defense counsel], but I showed her the indictment, or the
motion to amend, as we were to appear on some other matter, I think a revocation
hearing. So, in addition, these offenses, I think, are reflected in the criminal history
of the defendant that was provided to [defense counsel] in discovery.

 With regard to the indictment or the amended indictment not being signed,
this is a motion to amend. There's no requirement for that. I think it's 28.0-something, in order to amend. Sorry. And it's basically just to give -- it doesn't
change the charge substantially. It just is to give the defendant notice that the State
intends to seek enhanced punishment, and that's the purpose of it, and [defense
counsel] and the defendant certainly had that notice.

 

 [Defense counsel]: Your Honor, perhaps I haven't been clear. My position
is even if the amendment is proper, the indictment that is supposed to be the amended
indictment isn't proper because it's not signed. It's our perspective that the Court's
well aware that if it's amended, that is the indictment that they would be proceeding
on. The other indictment in the case would not be looked to at all, and if we proceed
on that indictment, it's neither been signed by the D.A. or the foreperson of the grand
jury, and our perspective is that that alone is legally insufficient to [go to] trial on.

 

 [The State]: Two things. I did want to back up, I don't know if I mentioned
this on the record. The day that the motion was filed and the order was signed and
filed, I did copy it and send it through the courier to [defense counsel], so the State
did attempt to give paper, written notice. As far as the amendment, it's the State's
motion. If we take it back to the grand jury, that's not an amendment, that a re-indictment. That's not required to amend, under the statute.


The trial court overruled the objection, concluding that it had been twelve days since the order
amending the indictment had been filed. 

 On appeal, Daniels concedes that the indictment was amended more than ten days prior to
trial. He goes on, however, to complain that he did not receive notice of the amended indictment
which "included a habitual paragraph to include two prior convictions elevating the punishment." 
We understand his first point of error to complain that the indictment was not properly amended and
that he did not receive adequate notice of the State's motion to amend the indictment to include
enhancement allegations.

II. NOTICE OF INTENT TO SEEK ENHANCED PUNISHMENT

 A. Notice Required

 A defendant is entitled to notice of prior conviction to be used for enhancement. Brooks v.
State, 957 S.W.2d 30, 33 (Tex. Crim. App. 1997). The purpose of an enhancement allegation is to
provide the accused with notice of the prior conviction relied upon by the State. Coleman v. State,
577 S.W.2d 486, 488 (Tex. Crim. App. [Panel Op.] 1979). A proper notice of intent to enhance
punishment must be given in a timely manner, but it need not be pled in the indictment itself to be
considered proper notice, so long as it is pleaded "in some form" prior to trial. (2) Villescas v. State,
189 S.W.3d 290, 292-93 (Tex. Crim. App. 2006); Brooks, 957 S.W.2d at 34. 

 Although Daniels contends that there is no evidence he received notice of the State's motion
to amend, we conclude otherwise. We look to this Court's opinion in Hoitt v. State, 30 S.W.3d 670,
674 (Tex. App.--Texarkana 2000, pet. ref'd), in which Hoitt made a similar contention that he did
not receive notice of the State's motion to amend. However, the record showed that the State
certified that it served a copy of its motion to amend on Hoitt's attorney on the same day that it was
presented to the trial court. Id. at 674-75. Based on that evidence, this Court overruled Hoitt's point
of error. See id. at 675. 

 The record in the instant case similarly demonstrates the State's certification that it forwarded
its motion to defense counsel on July 10, 2002, thirteen days before trial. The date found on the
certificate of service serves as some evidence that defense counsel did receive notice of the State's
motion to amend to include the enhancement allegations. See id. at 674-75; see also Smith v. State,
846 S.W.2d 515, 516 (Tex. App.--Houston [14th Dist.] 1993, pet. ref'd) (examining the record to
note that the date the motion was filed and granted, the date the indictment was altered, and the date
shown on the certificate of service indicated that the appellant had notice of the amendment). (3) 
According to the certificate of service, "a true and correct copy of the above and foregoing Motion
to Amend the Indictment" was forwarded on July 10, 2002, to the physical address of defense
counsel's office, indicating that defense counsel received notice that the State sought to amend the
indictment to include enhancement allegations. The record also shows that the State filed its motion
with the trial court on July 11, 2002, and that the trial court granted the State's motion to amend on
that same day. 

 Further, we see no evidence contradicting the certificate of service. The Texas Court of
Criminal Appeals has held that unsworn statements by trial counsel are sufficient to place the event
in the record. See Calloway v. State, 743 S.W.2d 645, 653 (Tex. Crim. App. 1988) (Miller, J.,
concurring). However, generally speaking, (4) unsworn comments by counsel, although reflected in
the record, are not evidence. See White, 982 S.W.2d at 645; Prosper v. State, 788 S.W.2d 625, 626
n.1 (Tex. App.--Houston [14th Dist.] 1990, pet. ref'd); Shields v. State, 820 S.W.2d 831, 833 (Tex.
App.--Waco 1991, no pet.). With that, here, defense counsel's unsworn assertions to the trial court
regarding lack of notice do not serve as evidence to controvert the record.

 We conclude on the record before us that Daniels had notice of the State's motion to amend
on July 10. Then, on July 11, when the trial court signed the order amending the indictment and
physically altered the indictment to complete the proper amendment, Daniels had notice of the State's
intent to enhance punishment consistent with the requirements of Brooks. 

 B. Timeliness of Notice and Article 28.10 Concerns

 We next address whether Article 28.10 of the Texas Code of Criminal Procedure would apply
in our analysis of the timeliness of this notice and whether the notice given twelve days prior to trial
provided constitutionally adequate notice of the State's intent in accordance with Villescas.

 Daniels cites to Article 28.10(a) as a means of supporting his contention that the State's
notice of intent to enhance punishment was untimely and/or inadequate. Article 28.10 provides the
following:

 (a) After notice to the defendant, a matter of form or substance in an
indictment or information may be amended at any time before the date the trial on the
merits commences. On the request of the defendant, the court shall allow the
defendant not less than 10 days, or a shorter period if requested by the defendant, to
respond to the amended indictment or information.


 (b) A matter of form or substance in an indictment or information may
also be amended after the trial on the merits commences if the defendant does not
object.


 (c) An indictment or information may not be amended over the
defendant's objection as to form or substance if the amended indictment or
information charges the defendant with an additional or different offense or if the
substantial rights of the defendant are prejudiced.


Tex. Code Crim. Proc. Ann. art 28.10 (Vernon 2006). We first reiterate that the record indicates
Daniels received more than ten days to respond to the amendment and then point out that Daniels
sought no extra time to respond. Moreover, we conclude that Article 28.10 does not speak to the
timeliness of the State's notice of intent to seek enhanced punishment. 

 The Villescas court concluded the Brooks notice requirement was of "constitutional origin"
and that a ten-day period had no significance when determining the timeliness of the State's notice
of intent to seek enhanced punishment. Villescas, 189 S.W.3d at 294; Fugate v. State, 200 S.W.3d
781, 783 (Tex. App.--Fort Worth 2006, no pet.). Instead, the ultimate inquiry when evaluating the
adequacy of notice under Brooks is whether constitutionally adequate notice was given, not whether
the notice was given within a particular time period either before trial or even before the guilt phase
of trial. See Villescas, 189 S.W.3d at 294 (citing Oyler v. Boyles, 368 U.S. 448, 452 (1962)). The
Villescas court plainly concluded that the Brooks pleading requirement is "a right to notice rooted
in due process." Id. at 293. Since Villescas explained that any ten-day period had no significance
to the issue of notice of intent to enhance, we conclude that Article 28.10 bears no significance here
in terms of timeliness of notice of intent to enhance punishment. (5) See Williams v. State, 172 S.W.3d
730, 735 (Tex. App.--Fort Worth 2005, pet. ref'd) (concluding that "[T]he statutory ten-day period
does not limit when the State may amend an indictment; it simply mandates, upon a defendant's
request, a ten-day response time.").

 C. Constitutionally Adequate Notice Given

 The record indicates that Daniels received notice of the State's intent to enhance punishment
at least twelve days prior to the beginning of the guilt/innocence phase of the trial. (6) Daniels never
suggested a need for a continuance on the basis of lack of notice. Further, he pleaded true to the
allegations. Indeed, even on appeal, Daniels neither argues that the trial court should have given him
more time, nor does he assert at trial or on appeal that he had a defense to the enhancement
allegations. Instead, he argues that no judgment should be had on the amended indictment without
proof of notice. Based on these considerations and in line with Villescas, we conclude that the State
timely provided notice of its intent to enhance punishment in a constitutionally adequate fashion. 

III. REASONABLE NOTICE OF STATE'S INTENT TO USE EXTRANEOUS
OFFENSES UNDER RULE 404(b)


 Texas Rule of Evidence 404 requires that, upon timely request by the accused in a criminal
case, the State provide reasonable notice in advance of trial of intent to introduce extraneous offenses
in the State's case-in-chief. See Tex. R. Evid. 404(b). Daniels contends the State attempted to
comply with his motion for disclosure of evidence of other crimes, wrongs, or acts which the State
intends to use in its case-in-chief through its motion to amend the indictment. Since, he argues,
notice of intent to enhance punishment was untimely here, the State's attempt to put him on notice
of the State's intent to use extraneous offense evidence did not satisfy Rule 404(b)'s reasonableness
requirement. He maintains that, since the State failed to provide reasonable notice of its intent to
use extraneous offense evidence, the evidence should not have been admitted. See Sebalt v. State,
28 S.W.3d 819 (Tex. App.--Corpus Christi 2000, no pet.).

 Rule 103 of the Texas Rules of Evidence provides, in part, that "[e]rror may not be predicated
upon a ruling which admits or excludes evidence unless a substantial right of the party is affected,"
and "[i]n case the ruling is one admitting evidence, a timely objection or motion to strike appears of
record, stating the specific ground of objection, if the specific ground was not apparent from the
context." Tex. R. Evid. 103; Martinez v. State, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002); see
also Tex. R. App. P. 33.1(a) (providing general prerequisites for presenting a complaint for appellate
review). "All a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge
know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge
to understand him at a time when the trial court is in a proper position to do something about it." 
Keeter v. State, 175 S.W.3d 756, 760 (Tex. Crim. App. 2005) (en banc); see Martinez, 91 S.W.3d
at 336; Ketchum v. State, 199 S.W.3d 581, 592-93 (Tex. App.--Corpus Christi 2006, pet. ref'd).

 Here, the penitentiary packet was admitted in evidence without objection. In fact, when the
State offered the penitentiary packet in evidence, defense counsel stated, "We have no objections." 
By failing to object to the State's offer of the penitentiary packet detailing the extraneous offenses,
Daniels failed to preserve the issue for our review.

IV. CONCLUSION

 We conclude that Daniels had constitutionally adequate notice of the State's intent to seek
an enhanced punishment and that he failed to preserve for our review any error associated with the
adequacy of notice of intent to use evidence of extraneous offenses as required by Rule 404(b). 
Accordingly, we overrule his points of error and affirm the trial court's judgment.



 Bailey C. Moseley 

 Justice


Date Submitted: January 24, 2007

Date Decided: May 4, 2007


Do Not Publish
1. When Daniels originally attempted to appeal his conviction, appellate counsel failed to
timely file a notice of appeal, and this Court dismissed the appeal for want of jurisdiction. See
Daniels v. State, 06-02-00206-CR (Tex. App.--Texarkana Nov. 21, 2002, no pet.). The Texas Court
of Criminal Appeals granted Daniels an out-of-time appeal. See Ex parte Daniels, AP-75,290 (Tex.
Crim. App. Nov. 9, 2005).
2. For this reason, we need not address any issue raised by defense counsel's admission
regarding "some verbal notice." Such is not sufficient to constitute notice; Brooks requires that
notice be pled in some form. See Brooks, 957 S.W.2d at 354.
3. Others cases addressing issues of notice in other contexts also support the general
proposition that the certificate of service indicates the recipient had notice of the pleading. See
Mitchell v. State, 982 S.W.2d 425, 426 (Tex. Crim. App. 1998) (concluding that the "attached
certificate of service indicated the district attorney's office had been served with the motion"); Jacobs
v. State, 115 S.W.3d 108, 111 (Tex. App.--Texarkana 2003, pet. ref'd) (concluding that certificate
of service was evidence that a criminal defendant mailed his notice of appeal before the time for
filing such expired).
4. One of the few exceptions to this rule is that unsworn statements by counsel may be
considered evidence if they are considered by the trial court without objection. See White v. State,
982 S.W.2d 642, 645 (Tex. App.--Texarkana 1998, pet. ref'd); Parra v. State, 935 S.W.2d 862, 868
n.1 (Tex. App.--Texarkana 1996, pet. ref'd) (discussing Lott v. City of Fort Worth, 840 S.W.2d 146,
150-51 (Tex. App.--Fort Worth 1992, no writ). Here, however, it is clear that the trial court limited
its consideration of the notice issue to the trial court's file: "In looking in the clerk's file, . . . ." That
said, it does not appear that the trial court considered defense counsel's assertions as evidence that
she did not receive notice. Further, although the State did not lodge a formal objection, it did
respond with statements consistent with the record and controverting defense counsel's assertions
that she did not receive notice. 
5. The Amarillo court recently issued an opinion holding that Article 28.10 did not apply to
an amendment involving an enhancement allegation because the enhancement allegation was not
"essential to the validity of the indictment" and, thus, "comparable to surplusage." Johnson v. State,
214 S.W.3d 157, 158-59 (Tex. App.--Amarillo 2007, no pet. h.). The Fourteenth Court has
similarly concluded in an unpublished opinion that, because alterations were made to enhancement
allegations rather than to an element of the charged offense, Article 28.10 did not apply to the
alteration. See Barnes v. State, Nos. 14-05-00144-CR, 14-05-00145-CR, 2006 Tex App. LEXIS
7951 (Tex. App.--Houston [14th Dist.] Sept. 5, 2006, pets. ref'd) (mem. op., not designated for
publication); but see State v. Sodipo, No. 1390-88, 1991 Tex. Crim. App. LEXIS 126, at *2-3 (Tex.
Crim. App. June 12, 1991) (applying Article 28.10 to alteration of enhancement paragraphs in
indictment made on day of trial); Callison v. State, No. 09-06-00065-CR, 2007 Tex. App. LEXIS
1998 (Tex. App.--Beaumont March 14, 2007, no pet. h).
6. This Court recently visited Villescas with respect to a similar argument asserted by a
defendant whose argument was based on the position that the State failed to give that notice of the
specific offenses to be used for enhancement purposes until voir dire:


 When a defendant has no defense to an enhancement allegation and makes no
suggestion of the need for a continuance in order to prepare a defense, adequate
notice, given even at the beginning of the punishment phase, satisfies the due-process
requirements of the United States Constitution--as well as the Texas Constitution's
"due course of law" requirements. Villescas v. State, 189 S.W.3d 290, 294 (Tex.
Crim. App. 2006); see Oyler v. Boles, 368 U.S. 448, 82 S. Ct. 501, 7 L.Ed.2d 446
(1962). Mayfield asserted no defense to the enhancement allegation--he pled true to
the prior convictions once the trial court explained the result of his plea and
questioned him about it. Nor did Mayfield suggest that a continuance was necessary
to discover or prepare a defense.

 

Mayfield v. State, No. 06-06-00096-CR, 2007 Tex. App. LEXIS 2157, at *4 (Tex. App.--Texarkana
March 22, 2007, no pet. h.). So, even if Daniels had not received written notice of the State's intent
to enhance punishment until the day of trial, we conclude that, on this record, the notice was likely
sufficient under Villescas.