BRIONES V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-250-CR

JUAN CARLOS BRIONES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

INTRODUCTION

Appellant pleaded guilty pursuant to a plea bargain agreement to the offense of indecency with a child and was sentenced by the trial court to ten years’ confinement.  In one point, Appellant argues that his guilty plea was involuntary.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Because the sufficiency of the evidence is not challenged, a brief recitation of the facts will suffice.  Appellant was indicted on February 20, 2003 on six counts of aggravated sexual assault.  On May 3, 2004, the indictment was amended, adding a seventh count of indecency with a child. Permission to amend the indictment was granted by the trial court and agreed to by Appellant’s counsel.  On May 3, 2004, Appellant pleaded guilty to the indecency with a child count pursuant to a plea bargain agreement.  The clerk’s record indicates that Appellant was admonished in writing in accordance with article 26.13 of the Texas Code of Criminal Procedure.  Appellant was sentenced to ten years’ confinement, and the trial court initially denied Appellant’s right to appeal.  However, after Appellant filed a pro se letter in Spanish to the trial court on May 26, 2004, the trial court appointed appellate counsel and granted Appellant permission to appeal on June 11, 2004.  Appellant timely filed a notice of appeal. 

POINT ON APPEAL

Appellant argues that his plea was involuntary because the trial court did not substantially comply with the requirements for accepting guilty pleas pursuant to the Sixth and Fourteenth Amendments of the United States Constitution, article I, sections 10 and 19 of the Texas Constitution, and Texas Code of Criminal Procedure article 26.13.  For support of this argument, Appellant points to the written admonishments contained in the clerk’s record that were executed at the plea proceeding.  The written admonishments contain a file stamp on the first page indicating a date of May 3, 2004.  However, the top of the last page of the written admonishments contains a handwritten date of May 5, 2004 directly above the trial clerk’s signature.  Appellant contends therefore that there can be no substantial compliance with article 26.13 of the Texas Code of Criminal Procedure because “the written admonishments reflect that they were not executed by the Appellant until 2 days after” he was sentenced.  Additionally, Appellant contends that the indictment could not be amended on the same day he entered his guilty plea and that, therefore, his substantial rights were affected. 

The trial court's substantial compliance with the required admonishments constitutes a prima facie showing of a knowing and voluntary plea of guilty.  
Davis v. State
, 7 S.W.3d 695, 697 (Tex. App.—Houston [1st Dist.] 1999, no pet.), 
overruled on other grounds by Cooper v. State
, 45 S.W.3d 77 (Tex. Crim. App. 2001); 
see Eatmon v. State
, 768 S.W.2d 310, 311-12 (Tex. Crim. App. 1989); 
Robinson v. State
, 739 S.W.2d 795, 801 (Tex. Crim. App. 1987).  
The record indicates that Appellant was advised of his various rights in accordance with article 26.13 of the Texas Code of Criminal Procedure and that he signed the written admonishments, which correctly listed the offense as indecency with a child and specified the range of punishment for this offense.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 26.13 (Vernon Supp. 2004-05); 
Tex. Penal Code Ann.
 §§ 21.11(a)(1), (d), 12.33 (Vernon 2003).  Additionally, Appellant signed the admonishments indicating that he understood them, was aware of the consequences of his plea, and was entering his plea freely and voluntarily. 

Although the record does reflect a discrepancy between the file stamp date on the first page of the admonishments and the handwritten date on the last page, it is apparent from the record that this is merely a clerical error.  At the bottom of the last page of the admonishments, and below the clerk’s handwritten date, is the handwritten amendment adding the indecency with a child count.  Directly below the amendment is the signature of the trial judge and the handwritten date of “5/3/04.”  Moreover, the record contains a separate form containing the admonishments regarding sex offender registration requirements, which was also signed by Appellant.  This form contains both a file stamped and handwritten date of May 3, 2004 and is signed by the same trial court clerk who signed the written admonishments form.  Therefore, based on the record, we conclude that the handwritten date of May 5, 2004, was a clerical error.  Thus, we hold that Appellant was duly admonished at the plea proceeding on May 3, 2005 according to article 26.13 of the Texas Code of Criminal Procedure.

A finding that a defendant was duly admonished creates a prima facie showing that a guilty plea was entered knowingly and voluntarily.  
Martinez v. State
, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998).  A defendant may still raise the claim that his plea was not voluntary;  however, the burden shifts to the defendant to demonstrate that he did not fully understand the consequences of his plea such that he suffered harm.  
Id
.  Appellant has failed to demonstrate how this clerical error caused him harm.  As indicated above, the record reflects that Appellant understood the consequences of his plea and that his plea was entered freely and voluntarily.  Appellant has failed to rebut the prima facie showing that his guilty plea was entered knowingly and voluntarily.  Therefore, we hold that Appellant has failed to meet his burden to demonstrate that his plea was not voluntary.

Appellant also argues that the trial court erred in allowing an amendment to the indictment on the same day that he entered his guilty plea.  Appellant argues that article 28.10 of the Texas Code of Criminal Procedure does not permit an amendment to the indictment on the day of trial, and therefore, no objection was required.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 28.10 (Vernon 1989).  However, appellate counsel misstates the law.

Assuming Appellant’s plea proceeding constituted a trial for purposes of article 28.10, Appellant was still required to object to the amendment to the indictment.  If an indictment is amended on the day of trial, the defendant must object to the amendment or the objection is waived.  
Hoitt v. State
, 30 S.W.3d 670, 674 (Tex. App.—Texarkana 2000, pet. ref’d); 
see State v. Murk
, 815 S.W.2d 556, 558 (Tex. Crim. App. 1991) (holding that although it was error for State to amend information on day of trial, but before trial commenced, appellant was still required to object).  Not only did Appellant fail to object, the clerk’s record indicates that the amendment was initialed by the State and Appellant’s counsel.
(footnote: 2)  Therefore, Appellant has waived any complaint regarding the amendment to the indictment.  Accordingly, we overrule Appellant’s sole point.

CONCLUSION

We affirm the trial court’s judgment.

PER CURIAM

PANEL F: GARDNER, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 12, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
The amendment to the indictment was also initialed by a third person.  Appellate counsel argues that the initials appear to be “JL” or “JT” and therefore are not the initials of Appellant, Juan Carlos Briones.  The State argues that the initials are “JC” and are therefore the initials of Appellant.  However, both parties agree that the amendment was initialed by Appellant’s trial counsel and there was no objection to this amendment, as is required.  Therefore, even if we were to assume that these initials were not those of Appellant, appellate counsel has failed to clearly argue how this caused him harm.