In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00086-CR
______________________________


DANA YOUNG, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 264th Judicial District Court
Bell County, Texas
Trial Court No. 57168


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Dana Young appeals from his conviction for possession of cocaine, less than one
gram, on his open plea of guilty. The trial court sentenced Young to eighteen months in
a state jail facility. This case was transferred from the Third Court of Appeals to this Court
by order of the Texas Supreme Court as part of its docket equalization procedures.
Â Â Â Â Â Â Â Â Â Â Young contends the trial court erred by refusing to credit against his sentence the
seventy-one days he spent in jail pending disposition of the case. 
Â Â Â Â Â Â Â Â Â Â Article 42.03(2)(a) of the Texas Code of Criminal Procedure contains language
requiring the trial court to give a defendant credit for time spent in jail pending trial. 
In all criminal cases the judge of the court in which the defendant was
convicted shall give the defendant credit on his sentence for the time that the
defendant has spent in jail in said cause, other than confinement served as
a condition of community supervision, from the time of his arrest and
confinement until his sentence by the trial court. 
Tex. Code Crim. Proc. Ann. art. 42.03(2)(a) (Vernon Supp. 2004â2005).
Â Â Â Â Â Â Â Â Â Â However, there is a more specific statute at Article 42.12, Section 15(h)(2) in a
section entitled "Procedures Relating to State Jail Felony Community Supervision," which
provides:
A judge may credit against any time a defendant is required to serve in a
state jail felony facility time served by the defendant in county jail from the
time of the defendant's arrest and confinement until sentencing by the trial
court.

Tex. Code Crim. Proc. Ann. art. 42.12, Â§ 15(h)(2) (Vernon Supp. 2004â2005).

Â Â Â Â Â Â Â Â Â Â This issue has been directly addressed by the Austin Court of Appeals in Holloway
v. State, 115 S.W.3d 797 (Tex. App.âAustin 2003, no pet.), and by this Court in Hoitt v.
State, 30 S.W.3d 670, 676 (Tex. App.âTexarkana 2000, pet. ref'd).


 In both opinions
Section 15(h)(2) was applied as written, acknowledging that the language explicitly gives
the trial court the discretion to decide whether to grant credit against a defendant's
sentence for jail time served between arrest and sentencing. They also recognize a
limitation on that discretion in the context of an indigent defendant who is unable to post
bond. In that situation, when the failure to grant time credit would cause a defendant to be
incarcerated for longer than the maximum punishment provided for the offense, it would
deny him or her equal protection of the law. Hoitt, 30 S.W.3d at 676; see Ex parte Harris,
946 S.W.2d 79, 80 (Tex. Crim. App. 1997). 
Â Â Â Â Â Â Â Â Â Â A state jail felony is punishable by up to two years' confinement in a state jail. Tex.
Pen. Code Ann. Â§ 12.35(a) (Vernon 2003). By any calculation, eighteen months plus
seventy-one days does not implicate the ultimate limitation on the trial court's discretion. 
Error has not been shown.
Â 

Â Â Â Â Â Â Â Â Â Â We affirm the judgment. 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â June 21, 2005
Date Decided:Â Â Â Â Â Â Â Â Â August 5, 2005

Do Not Publish




="false" Priority="61" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light List Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-10-00112-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  RONALD ALLEN BOAZ,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 102nd
Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Red
River County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. CR00052

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Chief Justice Morriss








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â  Ronald Allen
Boaz filed pro se a notice of appeal on July 1, 2009, appealing from a judgment
that imposed his sentence July 21, 2003.

Â Â Â Â Â Â Â Â Â Â Â  A timely
notice of appeal is necessary to invoke this CourtÂs jurisdiction.Â  Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).Â  Rule 26.2(a) of the Texas Rules of Appellate
Procedure prescribes the time period in which a notice of appeal must be filed
by a defendant in order to perfect appeal in a criminal case.Â  A defendantÂs notice of appeal is timely if
filed within thirty days after the day sentence is imposed or suspended in open
court, or within ninety days after sentencing if the defendant timely files a
motion for new trial.Â  Tex. R. App. P. 26.2(a); Olivo, 918 S.W.2d at 522.Â  No motion for new trial was filed.Â  The last date Boaz could timely file his
notice of appeal was August 20, 2003, thirty days after the day the sentence
was imposed in open court.Â  See Tex.
R. App. P. 26.2(a)(1).

Â Â Â Â Â Â Â Â Â Â Â  Boaz
has failed to perfect his appeal.Â  We
dismiss the appeal for want of jurisdiction.

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  June
22, 2010Â  

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  June
23, 2010

Â 

Do Not PublishÂ Â Â Â Â Â Â Â Â Â  

Â 

Â 

Â