In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00299-CR
NO. 09-12-00300-CR

_____

HAROLD DONALD WALDREP, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 221st District Court
Montgomery County, Texas
Trial Cause Nos. 11-07-07203 CR and 12-02-02302 CR

**MEMORANDUM OPINION**

Harold Donald Waldrep was charged in two separate indictments with the offense of indecency with a child by sexual contact. Waldrep pleaded guilty to the offenses. The trial court sentenced Waldrep to fifteen years confinement in each case, with the sentences to run consecutively.

In his first issue, Waldrep contends his due process rights were violated. He also argues that the cumulation order did not meet the requirements of article 42.08

of the Texas Code of Criminal Procedure and that the trial court considered evidence outside the record. In orally pronouncing Waldrep's sentences, the trial judge stated, "So 15 years on both cases. And I will stack them." The trial judge commented that she would not give Waldrep deferred probation because "[i]f you looked up in a textbook" the ten traits of a pedophile, Waldrep probably would have about eight or nine of those traits. Each judgment stated the punishment was fifteen years confinement and "THIS SENTENCE SHALL RUN CONSECUTIVE[.]" The trial court signed a judgment nunc pro tunc in Cause No. 11-07-07203-CR which changed this language in that case to "THIS SENTENCE SHALL RUN CONSECUTIVE WITH CAUSE NO. 12-02-02302-CR[.]"

Waldrep concedes on appeal that the trial court had the discretion to cumulate his sentences. *See* Tex. Code Crim. Proc. Ann. art. 42.08 (West Supp. 2012). A cumulation order should be specific enough so that prison authorities know how long to detain the prisoner and should be sufficiently clear so that the order may be understood without having to refer to other evidence. *See Stokes v. State*, 688 S.W.2d 539, 540 (Tex. Crim. App. 1985) (citing *Ex parte Lewis*, 414 S.W.2d 682, 683 (Tex. Crim. App. 1967)); *see also Strahan v. State*, 306 S.W.3d 342, 352-53 (Tex. App.—Fort Worth 2010, pet. ref'd). "When the cumulation order is made in the same court in which the prior sentence was imposed, the order

is sufficient when it contains only the previous cause number." *Hoitt v. State*, 30 S.W.3d 670, 675 (Tex. App.—Texarkana 2000, pet. ref'd).

In the oral pronouncement of the sentences in this case, the trial judge expressly stated her intent to stack the sentences and the judgments both indicated this intent by stating that the sentences "shall run consecutive[.]" The judgment nunc pro tunc in Cause No. 11-07-07203-CR shows that the sentence for Cause No. 12-02-02302-CR would be served first. *See Strahan*, 306 S.W.3d at 353. (In cumulation order involving several counts, judgment nunc pro tunc was proper to correct omission regarding which case's sentence would be served first.). The cumulation order is sufficiently specific to allow prison officials and Waldrep to identify the prior sentence with which the sentence is cumulated. *See Williams v. State*, 675 S.W.2d 754, 763-64 (Tex. Crim. App. 1984) (opinion on reh'g); *Hoitt*, 30 S.W.3d at 675. As for the trial judge's comments, Waldrep failed to preserve the issue for our review. *See* Tex. R. App. P. 33.1(a) (To preserve error for appellate review, a party must make a timely, specific objection and obtain an adverse ruling.); *Harvey v. State*, 173 S.W.3d 841, 850 (Tex. App.—Texarkana 2005, no pet.). Issue one is overruled.

In his second issue, Waldrep notes he is indigent and contends the trial court abused its discretion by assessing attorney fees. The State agrees. The record does

not indicate that Waldrep's ability to pay attorney fees changed after the date the trial court first determined him to be indigent. *See Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010). We delete the award of $1,002.50 in attorney fees from the judgment in Cause No. 11-07-07203-CR and delete the reference of "see cause # 11-07-07203" under attorney fees in the judgment in Cause No. 12-02-02302-CR. *See* Tex. Code Crim. Proc. Ann. arts. 26.04(p), 26.05(g) (West Supp. 2012); *Roberts v. State*, 327 S.W.3d 880, 883-84 (Tex. App.—Beaumont 2010, no pet.). As modified, the trial court's judgments are affirmed.

AFFIRMED AS MODIFIED.

_____
DAVID GAULTNEY
Justice

Submitted on February 4, 2013
Opinion Delivered February 13, 2013
Do Not Publish

Before McKeithen, C.J., Gaultney & Kreger, JJ.

4