

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RICKY JOE RUTLEDGE, JR., | § | No. 08-15-00111-CR |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| V. | § | 18th District Court |
| | § | |
| THE STATE OF TEXAS, | § | of Johnson County, Texas |
| | § | |
| Appellee. | § | (TC# F48548) |
| | § | |

## **O P I N I O N**

Ricky Joe Rutledge, Jr. appeals his conviction of possession of less than one gram of methamphetamine. Appellant entered a plea of guilty before the jury, and the trial court conducted a unitary proceeding. TEX.CODE CRIM.PROC.ANN. art. 26.14 (West 2009); *see State v. Aguilera*, 165 S.W.3d 695, 698 n.6 (Tex.Crim.App. 2005); *Frame v. State*, 615 S.W.2d 766, 767 (Tex.Crim.App. 1981). The jury found Appellant guilty and assessed his punishment at a fine of $3,500 and confinement in the state jail for two years. We affirm.

### PUNISHMENT

In his sole issue, Appellant argues that the trial court erred by failing to give him credit for jail time served. He additionally argues that the maximum sentence assessed by the jury constitutes cruel and unusual punishment in violation of the Eighth Amendment and Article I, Section 13 of the Texas Constitution.

*Cruel and Unusual Punishment*

As a prerequisite to presenting a complaint for appellate review, Appellant must present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling. TEX.R.APP.P. 33.1(a)(1)(A); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996). Constitutional rights, including the right to be free from cruel and unusual punishment, may be waived by the failure to object. *Rhoades*, 934 S.W.2d at 120; *Curry v. State*, 910 S.W.2d 490, 496 (Tex.Crim.App. 1995). Appellant did not raise this complaint about his sentence at the time it was imposed or in his motion for new trial. Consequently, Appellant has waived his complaint that the sentence amounts to cruel and unusual punishment.

*Jail Credit*

Appellant next contends that the trial court did not have discretion to refuse to give him credit for 46 days served in the Johnson County Jail. Article 42.03, section 2(a) of the Code of Criminal Procedure provides that:

> In all criminal cases the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time that the defendant has spent:
>
> (1) in jail for the case, including confinement served as described by Article 46B.009 and excluding confinement served as a condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court.

TEX.CODE CRIM.PROC.ANN. art. 42.03, § 2(a)(1)(West Supp. 2016). Consequently, the trial court is generally required to grant the defendant pre-sentence jail time when sentence is pronounced. *Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex.Crim.App. 2004).

Another statute must be considered in our analysis of this issue. Article 42.12,

§ 15(h)(2)(A) provides that:

> (2) A judge:
>
> > (A) *may* credit against any time a defendant is required to serve in a state jail felony facility time served by the defendant in a county jail from the time of the defendant's arrest and confinement until sentencing by the trial court. [Emphasis added].

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 15(h)(2)(A)(West Supp. 2016). Article 42.12 controls over Article 42.03 because a specific statute controls a general statute. *Hoitt v. State*, 30 S.W.3d 670, 676 (Tex.App.--Texarkana 2000, pet. ref'd). Thus, the trial court has discretion to give the defendant credit for jail time served. The trial court's discretion is limited in cases where an indigent defendant is unable to post bond and the failure to grant time credit would cause a defendant to be incarcerated for longer than the maximum punishment provided for the offense. *See Ex parte Harris*, 946 S.W.2d 79, 80 (Tex.Crim.App. 1997); *Hoitt,* 30 S.W.3d at 676. There is no evidence in the record that Appellant was indigent at the time of his arrest and subsequent confinement in jail. To the contrary, Appellant testified during the punishment phase that he made $60,000 the previous year. Consequently, the trial court had discretion to not give Appellant credit for the 46 days he had served in jail. We overrule Appellant's sole issue and affirm the judgment of the trial court.

September 28, 2016

                                    YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)