Monty Glen GASTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–00–00616–CR.

Court of Appeals of Texas, Dallas.

Dec. 6, 2001.

Celia M. Sams, Rowlett, for appellant.

Galen Ray Sumrow, Criminal District Attorney, Craig Stoddart, Assistant District Attorney, Rockwall, for state.

Before Justices KINKEADE, O'NEILL, and FITZGERALD.

## OPINION

MICHAEL J. O'NEILL, Justice.

Monty Glen Gaston appeals the revocation of his community supervision, which is based on a plea-bargained conviction. He asserts that (1) the revocation order is void because the underlying judgment of conviction is void; (2) he received ineffective assistance of counsel at the revocation phase; (3) he is entitled to a new trial because the record of the original plea hearing is unavailable; and (4) the order cumulating the sentence for this offense with a separate offense is defective, rendering the consecutive sentences void. For reasons that follow, we affirm.

### Facts

In June 1995, appellant was charged by indictment with burglary of a building, in violation of section 30.02 of the Texas Penal Code. On November 21, 1995, pursuant to the terms of a plea-bargain agreement, he pleaded guilty. The trial judge assessed a $1,000 fine and 200 hours of community service, sentenced him to confinement for two years in a state facility, suspended the sentence, and imposed five years' community supervision (probation). The judgment (the "Probated Judgment") reflects each of those facts, but it does not explicitly state that the defendant was "adjudged guilty" by the court.

In August 1997, the State filed a motion to revoke community supervision, and capias issued. In March 2000, after a hearing the trial judge revoked appellant's community supervision, imposed a sentence of two years' imprisonment, and ordered the sentence to run consecutively with a separate sentence from Dallas County.

### Appellate Rule 25.2(b)(3) and Jurisdiction to Review

■ In his first point of error, appellant argues that the trial court's order revoking his probation is void because it is based on a judgment of conviction that is itself void. Thus, the argument goes, if the original judgment of conviction and probation is a nullity, the trial court had nothing valid to revoke.

The State urges that this point of error is an attack on the original plea-bargained conviction and thus is not cognizable on

appeal. The State contends that the full strictures of rule 25.2(b)(3) of the Texas Rules of Appellate Procedure apply to this issue. Therefore, the State urges, once rule 25.2(b)(3) is applied, appellant's general notice of appeal is insufficient and this court has no jurisdiction to review this issue. We disagree because rule 25.2(b)(3) does not apply here.

By its terms, rule 25.2(b)(3) requires more than a general notice of appeal and applies in cases where a defendant appeals a judgment based on a plea of guilty or nolo contendere and the punishment assessed does not exceed the punishment agreed to by the defendant and prosecutor. TEX.R.APP. P. 25.2(b)(3) (formerly rule 40(b)(1)). The restrictions of rule 25.2(b)(3) apply to appeals attacking the propriety of a plea-bargained conviction. *Feagin v. State,* 967 S.W.2d 417, 419 (Tex.Crim.App.1998). But the rule does not apply to appeals attacking the propriety of orders revoking probation (community supervision), even though based on a plea-bargained conviction. *Id.* Accordingly, rule 25.2(b)(3) does not apply to this appeal of a revocation order, and appellant's general notice of appeal is sufficient.

While generally the original plea cannot be attacked on an appeal of the revocation order, the court may review the underlying judgment of conviction to see if it is "void." *Nix v. State,* No. 793–00, 2001 WL 717453, *2, ——— S.W.3d ———, ——— (Tex.Crim.App. June 27, 2001) (explaining "void-judgment" exception that applies in "regular probation" cases and extending it to deferred adjudication cases). That is,

on appeal from a revocation proceeding, a defendant may raise an error in the original plea proceeding if the error would render the original judgment "void." *Id.* Appellant raises a void-judgment issue here. Accordingly, we have jurisdiction to examine whether appellant's original conviction was void.

### Void Judgment

Appellant argues that the original judgment of conviction was void because it did not explicitly state that the defendant was "adjudged guilty of the offense" as found by the court. This, appellant asserts, violates article 42.01, section 1(8) of the Texas Code of Criminal Procedure.

"A void judgment is a nullity from the beginning, and is attended by none of the consequences of a valid judgment. It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights." *Ex parte Seidel,* 39 S.W.3d 221, 225 (Tex.Crim.App.2001). Only void convictions are subject to collateral attack. *Christian v. State,* 865 S.W.2d 198, 201 (Tex.App.—Dallas 1993, pet. ref'd) (challenge to voidable error in conviction, raised on appeal from revocation order, was impermissible collateral attack).

A judgment is void "in very rare circumstances—usually due to a lack of jurisdiction." *Nix,* 2001 WL 717453, at *2, ——— S.W.3d at ———.[1] Errors involving a statutory procedure have not been deemed to render a judgment void, but merely voidable. *Davis v. State,* 956 S.W.2d 555, 559 (Tex.Crim.App.1997). Failure to ad-

---

1. The *Nix* court gave four instances when a judgment is void: (1) the charging instrument is constitutionally infirm, thus depriving the trial court of jurisdiction; (2) the trial court lacks subject matter jurisdiction over the offense charged; (3) the record reflects that there is no evidence to support the conviction; and (4) an indigent defendant has no appointed counsel and has not waived counsel. Notably, after reciting those four instances, the court stated, "While we hesitate to call this an exclusive list, it is very nearly so." 2001 WL 717453, at *2, ——— S.W.3d at ———.

here to the requirements of article 42.01 does not render a conviction void, but merely voidable. *See Jones v. State,* 795 S.W.2d 199 (Tex.Crim.App.1990) (reversing appellate court order that judgment was void; omitted recitation that "defendant is adjudged guilty" did not render judgment incomplete or invalid); *see also Porter v. State,* 757 S.W.2d 889, 891 (Tex. App.—Beaumont 1988, no pet.) (failure to adhere to article 42.01 did not render judgment void, but merely voidable).

Article 42.01 of the code of criminal procedure states that a judgment should reflect that the defendant is "adjudged guilty of the offense as found by . . . the finding of the court." TEX.CODE CRIM. PROC. ANN. art. 42.01, § 1(8) (Vernon Supp.2002). The record reveals that the Probated Judgment does indeed omit those words.[2] But, as in *Jones,* this error involved statutory procedure and does not render the judgment void, but merely voidable. As such, the error may not be challenged in a collateral attack. We overrule appellant's first point of error.[3]

## Ineffective Assistance of Counsel

 In his second point of error, appellant argues that he received ineffective assistance of counsel at the revocation hearing because his attorney failed to object to the underlying "void" judgment of conviction.

 We use the *Strickland* standard in evaluating claims of ineffective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State,* 726 S.W.2d 53, 55–57 (Tex.Crim.App.1986). To prevail, appellant must show counsel's representation fell below an objective standard of reasonableness as well as a reasonable probability that a different outcome would have resulted but for counsel's error. *Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999). Appellant bears the burden of proving ineffective assistance by a preponderance of the evidence. *Id.* at 813.

Appellant's argument rests on his assertion that the underlying judgment was "void" and that his counsel should have raised that argument at the revocation hearing. Having concluded that the omissions in the judgment did not render it void, we cannot fault appellant's counsel for failing to assert that argument at the revocation hearing. Accordingly, appellant fails to meet his burden of showing that his counsel's failure to object to this merely voidable judgment fell below an objective reasonable standard of professionalism. Further, had trial counsel raised the issue with the trial court, the only probable outcome would have been the issuance of a *nunc pro tunc* judgment correcting the omission. *See Jones,* 795 S.W.2d at 202 (when proof shows that conviction has occurred in fact, *nunc pro tunc*

---

**2.** The record, however, is replete with indications that the trial court did adjudicate appellant guilty at the revocation hearing. The Probated Judgment shows that appellant pleaded guilty and was represented by counsel. It further states, "OFFENSE CONVICTED OF: BURGLARY OF A BUILDING." In that same document, the judge (1) decrees that the evidence against the defendant "substantiates the Defendant's guilt as charged in the indictment . . . for which let execution issue," (2) probates the two-year sentence,

and (3) imposes five years of community supervision. On the docket sheet, the judge signed a notation, dated the same day as the Probated Judgment, stating among other things, "Judgment of the Court that defendant is guilty as charged in the information-indictment."

**3.** We also overrule appellant's second point of error in his supplemental brief, which merely repeats the first point in the main brief.

judgment is proper to "enter" judgment that was "rendered" earlier). Accordingly, we overrule appellant's second point of error.

## Missing or Lost Record

■ In a supplemental point of error, appellant argues that he is entitled to a new trial because the record of the original plea hearing in November 1995 has been lost. Therefore, appellant asserts, without a record of the original plea hearing, he is unable to determine whether there are appealable issues concerning jurisdiction or voluntariness of the plea.

■ An appellant is entitled to a new trial when (1) he timely requested a reporter's record, (2) a significant portion of the reporter's record was lost or destroyed through no fault of appellant, (3) the lost portion of the reporter's record is necessary to the resolution of the appeal, and (4) the parties cannot agree on a complete reporter's record. TEX.R.APP. P. 34.6(f). The inquiry whether the missing record is necessary is in itself a harm analysis. *Issac v. State*, 989 S.W.2d 754, 757 (Tex. Crim.App.1999). The appellant has the burden of establishing that the missing portion of the record is "necessary to the appeal's resolution." *See id.; see also Alvear v. State*, 25 S.W.3d 241 (Tex.App.—San Antonio 2000, no pet.).

The trial court found that the reporter's record of the original plea hearing on November 21, 1995 was unavailable through no fault of the appellant and that the parties could not agree on a record. We adopted those findings. Appellant fails, however, to meet his burden of showing that the missing reporter's record is necessary to resolve this appeal, on either of appellant's asserted grounds of jurisdiction or voluntariness.

■ First, we note that we may not review on a direct appeal whether appellant's guilty plea was voluntary. *Cooper v. State*, 45 S.W.3d 77 (Tex.Crim.App.2001) (voluntariness may not be raised on appeal from plea-bargained felony). Further, the record contains the charging instrument, an indictment, for counsel to examine for constitutional or jurisdictional error. *See Ex parte Dobbs*, 978 S.W.2d 959, 962 (Tex. Crim.App.1998); *Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex.Crim.App. [Panel Op.] 1980) (orig.proceeding) (valid indictment is essential to district court's jurisdiction). Whether the court had subject matter jurisdiction is ascertainable by reference to statutes, the constitution, and the charging instrument. Thus, the available clerk's record is sufficient to inform counsel whether any appealable issues exist on the asserted grounds of jurisdiction or voluntariness. Accordingly, appellant has not met his burden of showing that the missing record was necessary to resolve this appeal. We overrule appellant's supplemental point of error.

## Cumulating Order

■ In his third point of error, appellant challenges the part of the judgment that cumulates or "stacks" the two-year sentence for this burglary offense with a conviction for a separate offense out of Dallas County. The language in the judgment revoking supervision and reinstating the sentence states that the sentence is "to run consecutive (stacked) with cause # F9518735 out of Dallas County." That language, appellant contends, is not sufficiently specific to constitute a valid, enforceable cumulation order.

■ A cumulation order should contain: (1) the cause number of the prior conviction, (2) the correct name of the court in which the prior conviction occurred, (3) the date of the prior conviction,

and (4) the term of years assessed in the prior case. *Ex parte San Migel,* 973 S.W.2d 310, 311 (Tex.Crim.App.1998). Some cases include a fifth item, recommending that the order also show the nature of the conviction. *See, e.g., Banks v. State,* 708 S.W.2d 460, 461 (Tex.Crim.App. 1986). These requirements are not absolutes, however, and a cumulation order not setting out all of the requirements may, in some circumstances, be valid. *Id.* A cumulation order should be sufficiently specific to allow the Texas Department of Criminal Justice (TDCJ) to identify the prior conviction with which the newer conviction is cumulated. *See Ward v. State,* 523 S.W.2d 681, 682–83 (Tex.Crim.App.1975), *cited in San Migel,* 973 S.W.2d at 311.[4]

The cumulation order here lacks the name of the Dallas court, the date of the conviction, the years of punishment assessed, and the nature of the conviction. The order itself, however, specifies the cause number for the separate conviction and that it emanates from Dallas County. That information, in turn, is sufficient to enable the TDCJ to ascertain the other enumerated particulars from the Dallas County district clerk's office. We reach this conclusion by taking judicial notice of certain facts pertaining to administrative practices of the Dallas County District Clerk's office.

 The theory underlying judicial notice is that where a fact is easily determinable with certainty from sources considered reliable, it would not make good sense to require formal proof. *Holloway v. State,* 666 S.W.2d 104, 108 (Tex.Crim. App.1984). This court may take judicial notice of both "legislative" and "adjudicative" facts on appeal. *Chapa v. State,* 729 S.W.2d 723, 728 n. 3 (Tex.Crim.App.1987). "Legislative facts" are ordinarily general facts that do not concern only the parties, while "adjudicative facts" are those concerning the "who, what, when, where, and how" pertaining to a particular case. *Emerson v. State,* 880 S.W.2d 759, 765–66 (Tex.Crim.App.1994). As a general rule, appellate courts take judicial notice of facts outside the record only to determine jurisdiction over an appeal or to resolve matters ancillary to decisions that are mandated by law (e.g., calculation of prejudgment interest when the court renders judgment). *SEI Bus. Sys., Inc. v. Bank One Tex., N.A.,* 803 S.W.2d 838, 841 (Tex. App.—Dallas 1991, no writ). We are reluctant to take judicial notice of facts that go to the merits of the dispute. *Id.*

 Judicial notice is appropriate here, where the only facts to be noticed are "legislative facts" concerning administrative practices of a clerk's office, which are ancillary facts that do not go to the merits of the dispute. Accordingly, we take judicial notice of certain facts concerning how the Dallas County District Clerk's office assigns case numbers. That office issues cause numbers that begin with the last two digits of the year in which the criminal case was filed. The sequence of numbers following the year is unique to each criminal case, regardless of the particular Dallas County court to which the case is assigned. Thus, only one case in the Dallas County court system could receive any given cause number. In today's case, the number of appellant's prior conviction in Dallas County is number F9518735. Thus,

4. In *San Migel,* a habeas case, the court of criminal appeals established that an appellant must also show that the lack of specificity harmed him or her. One court of appeals has applied *San Migel* in a direct appeal to require a showing of actual harm. *Hoitt v. State,* 30 S.W.3d 670 (Tex.App.—Texarkana 2000, pet. granted). We note that the petition for review was granted in *Hoitt.* Because we resolve the issue in today's case on other grounds, we do not reach the issue whether or how *San Migel* applies in a direct appeal.

that case was filed in 1995, and no other criminal case filed in 1995 was assigned the number 18735. Accordingly, the unique case number enables the TDCJ, by accessing the Dallas County court records, to locate appellant's "correct" prior conviction for cumulation. The clerk's record, in turn, will yield the other information that should have been included in the cumulation order, including the correct name of the specific court in Dallas County, the date of conviction, the term of years assessed, and the nature of the conviction.

We do not condone the lack of specificity in the cumulation order here. But we conclude that, given the assignment of unique case numbers in Dallas County, the TDCJ will be able to identify correctly the prior conviction in Dallas County for cumulation with the sentence for the burglary conviction in this case. Accordingly, we overrule appellant's third point of error.

We affirm the trial court's judgment.