11th Court of Appeals
Eastland, Texas
Opinion
 
Opal Renee Ford
            Appellant
Vs.                  No. 11-03-00355-CR -- Appeal from Ector County 
State of Texas
            Appellee
 
            Opal Renee Ford violated the terms and conditions of her community supervision, and the
trial court revoked her community supervision. Appellant asserts that the judgment of the trial court
is missing required information. We affirm.
            On September 17, 2002, appellant was charged with failing to stop immediately and remain
with her vehicle at the scene of an accident. Appellant pleaded guilty to this offense and was placed
on community supervision for one year. On July 14, 2003, the State filed a motion to revoke
appellant’s community supervision. On October 14, 2003, the trial court held a hearing on the
motion, revoked appellant’s community supervision, and sentenced her to six months confinement
in the county jail.
            Appellant argues that the judgment of the trial court does not state an offense against the
penal laws of the State of Texas. Both the order granting community supervision and the order
revoking community supervision state that appellant was guilty of the offense of “ACCIDENT
INVOLVING DAMAGE TO VEHICLE>=$200 a misdemeanor.” There is no such offense in Texas. 
It is, however, a Class B misdemeanor to leave the scene of an accident without giving one’s name,
address, vehicle registration number, and the name of one’s vehicle liability insurer. See TEX.
TRANSP. CODE ANN. §§ 550.022(c)(2) & 550.023(1) (Vernon 1999). The State claimed that the
reason for this error was deficient computer software that limited the amount of space available for
entering the “tag line” of the offense. Because of this limited space, the words “leaving the scene”
were left off of the plea papers and other documents filed by the State.
            A failure to accurately reflect the charged offense in a judgment is a violation of TEX. CODE
CRIM. PRO. ANN. art. 42.01 (Vernon Pamph. Supp. 2004 - 2005). See Article 42.01, section 1(13). 
As with other errors involving statutory procedure, however, failure to adhere to the requirements
of Article 42.01 does not render a conviction void, but merely voidable. See Davis v. State, 956
S.W.2d 555, 559 (Tex.Cr.App.1997); Gaston v. State, 63 S.W.3d 893, 897-98 (Tex.App. - Dallas
2001, no pet’n). As such, the error may not be challenged in a collateral attack. See Gaston v. State,
supra at 898.
            Appellant did not challenge the validity of her conviction until the trial court entered the
October 14, 2003, order revoking her community supervision. The order granting community
supervision, which contained the same error as the order revoking community supervision, was
entered several months earlier. By waiting until her community supervision was revoked before
raising this issue, appellant’s point of error is an improper collateral attack on the judgment of the
trial court. Appellant, having failed to appeal this matter at the time of her original conviction;
waived her right of review of that conviction and the contention she now urges is not properly before
us for review. Hoskins v. State, 425 S.W.2d 825, 829 (Tex.Cr.App.1967). 
            The judgment of the trial court is affirmed.
 
                                                                                                JIM R. WRIGHT
                                                                                                JUSTICE
 
April 21, 2005
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.