NUMBER 13-04-344-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


___________________________________________________________________


CITY OF McALLEN, Appellant,


v.



MANUEL TRIGO, JR. AND LYDIA CANTU, Appellees.

___________________________________________________________________


On appeal from the 370th District Court


of Hidalgo County, Texas.


___________________________________________________________________


MEMORANDUM OPINION


 

Before Chief Justice Valdez and Justices Yañez and Garza


Memorandum Opinion Per Curiam


 Appellant, City of McAllen, is appealing a trial court judgment granting injunctive
relief prohibiting it from interfering with Manuel Trigo and Lydia Cantu's use of their
premises for "commercial purposes." Currently pending before the Court are appellees'
motion to abate and appellees' "motion to reverse and remand or affirm on certificate." We
deny the motion to abate, and grant the motion to reverse and remand as stated herein.

I. Background


 Following a bench trial, appellant timely perfected appeal and requested preparation
of the appellate record. The court reporter prepared the reporter's record, however, the
exhibits which had been tendered to and considered by the trial court were lost. 

 On October 27, 2005, this Court issued an order abating the appeal and directing
the trial court to hold a hearing to make findings under Texas Rule of Appellate Procedure
34.6. See Tex. R. App. P. 34.6(f) (pertaining to lost or destroyed reporter's records). We
asked the trial court to forward the record of the proceedings, including any orders and
findngs, to this Court. The trial court held the directed hearing, and we have now received
the reporters' record of that hearing, the trial court's findings of fact and conclusions of law,
and a supplemental record including those exhibits which the trial court found could be
replaced and substituted. In its findings, the trial court stated that:

 The Court finds that at the trial on the merits, in addition to the
testimony of the witnesses, various exhibits were entered into evidence. The
Court considered these exhibits in rendering its decision.


 The Court finds that such exhibits have been lost without fault of either
party.


 The Court finds that some of the exhibits, i.e., exhibits which were the
internal documents of the City of McAllen, can be replaced and substituted. 
The copies tendered to the Court by the City of McAllen are true and correct
copies of these exhibits.


 However, the Court further finds that both sides tendered videotapes
and photographs as exhibits, which were considered by [the Court]. Thse
videotapes and photographs cannot be reproduced or duplicated, both
because of changes in circumstance, and because the parties are not 100%
sure what these pictures were. The parties did not keep copies of these
photographs or videotapes.


Appellees have requested that we abate the appeal, allowing them to avoid filing their
appellate brief, until this Court determines whether appellants are entitled to a new trial due
to the lost exhibits. In a separate motion, appellees request that we reverse and remand
for a new trial or "affirm on certificate." (1) In contrast, appellant contends that the Court
should require full briefing from both parties before determining the materiality of the
missing exhibits. Appellant asks that "if the merits of this appeal can be fairly resolved on
the existing record, this Court should proceed to hear it." Alternatively, appellant requests
that we reverse and remand for a new trial.

 II. Analysis


 The appellate rules provide that an appellant is entitled to a new trial under the
following circumstances:

 (1) if the appellant has timely requested a reporter's record;

 

 (2) if, without the appellant's fault, a significant exhibit or a significant
portion of the court reporter's notes and records has been lost or
destroyed or - if the proceedings were electronically recorded - a
significant portion of the recording has been lost or destroyed or is
inaudible;

 

 (3) if the lost, destroyed, or inaudible portion of the reporter's record, or
the lost and destroyed exhibit, is necessary to the appeal's resolution;
and

 

 (4) if the lost, destroyed, or inaudible portion of the reporter's record
cannot be replaced by agreement of the parties, or the lost or
destroyed exhibit cannot be replaced either by agreement of the
parties or with a copy determined by the trial court to accurately
duplicate with reasonable certainty the original exhibit.


Tex. R. App. P. 34.6(f). Three of the four elements of Rule 34.k6(f) are undisputed. First,
the record was timely requested. Id. at 34.6(f)(1). Second, the exhibits have been lost
without appellant's fault. Id. at 34.6(f)(2). Third, the parties cannot agree on substitutions
for the missing exhibits because none of the parties kept copies of the exhibits. Id. at
34.6(f)(4). Accordingly, the only issue before the Court is whether the exhibits are
"necessary to the appeal's resolution." Id. at 34.6(f)(3).

 The appellant has the burden of establishing that the missing portion of the record
is "necessary to the resolution of the appeal." See Palmer v. Espey Huston & Assocs., 84
S.W.3d 345, 352 (Tex. App.-Corpus Christi 2002, pet. denied); see also Gaston v. State,
63 S.W.3d 893, 899 (Tex. App.-Dallas 2001, no pet.). This provision is itself a harm
analysis, that is, if the missing portion of the record is not necessary to the appeal's
resolution, then the loss of that portion of the record is harmless under the rule, and a new
trial is not required. Issac v. State, 989 S.W.2d 754, 757 (Tex. Crim. App. 1999).

 We have reviewed appellant's brief and the list of missing exhibits. The missing
exhibits consist of photographs and videotapes. The general content of some of these
photographs is apparent from trial testimony; these photographs variously appear to depict
vehicular parking and general traffic flow at the subject address and at nearby properties. 
The subject matter of other photographs is unidentifiable, as is the content of the
videotapes. 

 We have similarly reviewed the nine issues raised in appellant's brief. Appellant's
issues pertain, inter alia, to whether appellee Trigo had standing to bring suit; whether
appellees were entitled to relief based on prior "non-conforming" use of the premises;
whether the City's actions constituted a "taking"; whether the City denied equal protection
to appellees if there was no or insufficient evidence that its actions were motivated by race
or that similarly situated landowners were treated differently; whether the zoning ordinance
was legal; and whether the injunction was overbroad insofar as it affected building codes
and regulations.

 We conclude that the missing exhibits are necessary to the appeal's disposition.

 First, although the trial court's findings do not include a finding expressly regarding
whether the exhibits were necessary to the appeal's disposition, the trial court did state that
it "considered these exhibits in rendering its decision." 

 Second, some of the photographs are relevant to issues raised on appeal and are
not cumulative of other evidence adduced at trial. The City denied appellees' request to
rezone the property for commercial use, at least in part, because the premises allegedly
posed a traffic hazard. The City denied appellees' request for a commercial use permit,
again, at least in part, because the permitted use would allegedly create heavy traffic. The
photographs regarding traffic and parking at the subject premises are relevant to these
issues. Moreover, photographs of nearby premises are relevant to the City's issue
regarding equal protection and whether similarly situated landowners are treated
differently. While some of these photographs were discussed at trial, we do not find that
the trial testimony furnishes an adequate representation of the exhibits, and accordingly,
we do not find that the photographs would be cumulative of other evidence adduced at
trial. (2) 

 Third, the City raises both legal and factual sufficiency challenges with regard to its
equal protection challenges. When reviewing legal sufficiency, we view the evidence in the
light most favorable to the finding, crediting favorable evidence if a reasonable fact finder
could, and disregarding contrary evidence unless a reasonable fact finder could not. City
of Keller v. Wilson, 168 S.W.3d 802, 807 (Tex. 2005). In reviewing a factual sufficiency
issue, we consider and weigh all the evidence and set aside a finding only if the evidence
is so weak as to be clearly wrong and manifestly unjust. Ortiz v. Jones, 917 S.W.2d 770,
772 (Tex. 1996); Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). Given our conclusion
that some of the lost exhibits are relevant and non-cumulative, we cannot perform our
required review of the sufficiency of the evidence in light of an incomplete record.

III. Conclusion


 Given the foregoing, we dismiss appellee's motion to abate as moot. Appellees'
"motion to reverse and remand or affirm on certificate" is granted in part and denied in part.
We deny the motion insofar as it requests that we affirm this appeal on certificate, a
procedure which is no longer authorized by the appellate rules. We grant said motion
insofar as it requests reversal and remand. Any other pending motions are dismissed as
moot. 

 We REVERSE and REMAND this matter for a new trial. See Tex. R. App. P.
34.6(f). 

 PER CURIAM

Memorandum Opinion delivered and filed this

the 14th day of December, 2006.

 
1. The rules of civil procedure formerly allowed the appellee, upon motion, to have the case affirmed on
certificate if the appellant failed to file a transcript of the record in the proper time. This procedure required the appellee
to file in the appellate court a certified copy of the judgment and a certificate of the clerk of the trial court stating when
and how such appeal or writ of error was perfected. Tex. R. Civ. P. 387a (Vernon 1985, repealed 1986). This procedure
was not incorporated in the current appellate rules. See generally Tex. R. App. P. 34.6(f), 42. 
2. Some of the remaining photographs and the videotapes are not identified or described at all in the trial
testimony, and we have no way to evaluate the relevance or lack thereof of these exhibits in light of the issues at hand
in this appeal.