

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00104-CR

ASHLEY NICOLE JIMENEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 121ˢᵗ District Court
Terry County, Texas
Trial Court No. 6519, Honorable Kelly G. Moore, Presiding

August 9, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Ashley Nicole Jimenez (appellant) appeals from an order modifying and continuing her probation. She had previously been convicted of injury to a child and sentenced to two years in a state jail facility. The trial court suspended that sentence and placed her on five years of community supervision. Thereafter, the State moved to revoke that supervision. Upon convening a hearing on the motion, the trial court found that appellant had violated various conditions of her community supervision but opted not to revoke her probation. Instead, it continued appellant's community supervision

and modified the terms of it. Appellant timely appealed from the judgment manifesting that decision. Through one issue, she argues that "the judgment in this Cause fatally fails to meet the statutory requisites of a valid judgment as required by Art. 42.01 of the Code of Criminal Procedure."[1] The State replied to that argument and, in its appellee's brief, moved to dismiss the appeal for want of jurisdiction. We dismiss.

Again, appellant does not question anything about the actual modification of the conditions appended to her continued probation. Nor does she question the decision to continue her probation. Instead, her complaint relates to the content of the judgment entered when she was initially found guilty, sentenced and granted probation. Again, she argues that not all the information required by art. 42.01, § 1 of the Code of Criminal Procedure was included in the decree. That such a matter could have been reviewed by an appeal from that aspect of her prosecution and conviction is beyond doubt. *Wiley v. State*, 410 S.W.3d 313, 320 (Tex. Crim. App. 2013). Indeed, issues relating to a conviction resulting in community supervision or probation must be raised when community supervision is originally imposed. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); *Whetstone v. State*, 786 S.W.2d 361, 363 (Tex. Crim. App. 1990); *Niavez v. State*, No. 07-12-00184-CR, 2013 Tex. App. LEXIS 6259, at *4 (Tex. App.—Amarillo May 20, 2013, no pet.) (mem. op., not designated for publication). And, though an exception to that rule exists, it generally encompasses situations where the judgment is void. *Nix. v. State*, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001); *Niavez v. State*, 2013 Tex. App. LEXIS 6259 at *4; *accord*, *Gaston v. State*, 63 S.W.3d 893,

---

[1] Allegedly, the judgment failed to state the offense or offenses for which appellant was convicted, even though the original judgment stated that she was convicted of "Injury To A Child" and the order continuing her probation stated that she was convicted of "Injury To A Child." *See* TEX. CODE CRIM. PRO. ANN. art. 42.01, § 1(13) (West Supp. 2015) (stating that the judgment "shall reflect . . . [t]he offense or offenses for which the defendant was convicted").

897 (Tex. App.—Dallas 2001, no pet.) (stating that "[w]hile generally the original plea cannot be attacked on an appeal of the revocation order, the court may review the underlying judgment of conviction to see if it is 'void.'").

Yet, omitting from a judgment those things required by art. 42.01, § 1 does not render the judgment void, but merely voidable. *Ford v. State*, No. 11-03-00355-CR, 2005 Tex. App. LEXIS 3034, at *2-3 (Tex. App.—Eastland April 21, 2005, no pet.); *Gaston v. State*, 63 S.W.3d at 898; *accord*, *Jones v. State*, 795 S.W.2d 199, 202 (Tex. Crim. App. 1990) (recognizing that the information "required to be set out in the judgment is merely a record of events which have occurred in fact" and that the intermediate appellate court erred in concluding that the omission of same rendered the judgment void). For this reason, such complaints fall outside the exception recognized in *Nix* and into the rule propounded by *Whetstone* and reiterated in *Manuel*. They cannot be postponed until the community supervision previously granted is affected by later decisions of the trial court. *Ford v. State*, *supra*; *Gaston v. State*, *supra*. In the latter scenario, the reviewing court no longer has the jurisdiction to review them. *Ford v. State*, *supra*; *Gaston v. State*, *supra*.

So, per the authority of *Gaston*, *Ford*, *Manuel*, or *Nix*, we have no jurisdiction over the sole issue raised by appellant and dismiss the appeal for want of jurisdiction.

Brian Quinn
Chief Justice

Do not publish.

Pirtle, J., concurring.

3