

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00236-CR

---

ANTHONY LAQUINN PRICE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 077023-B-CR, Honorable Titiana D. Frausto, Presiding

---

December 29, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Pursuant to a plea agreement, in December 2018, Appellant, Anthony LaQuinn Price, was placed on deferred adjudication community supervision for three years for assault family violence and was assessed a $1,000 fine.[1]  In November 2019, by amended motion, the State moved to proceed to adjudication alleging Appellant had violated numerous terms and conditions of his community supervision, including

---

[1] TEX. PENAL CODE ANN. § 22.01(b)(2)(B).

committing murder. At a hearing on the State's amended motion, Appellant entered a plea of true to all of the State's allegations.[2] Based on Appellant's pleas of true, the trial court found sufficient evidence to adjudicate him guilty of the original offense of assault family violence and announced it would hear evidence or argument on punishment. The State introduced three exhibits as punishment evidence, including a copy of Appellant's conviction for murder for which he was assessed a twenty-year sentence. After the State rested, defense counsel announced it had "no evidence to present on punishment."

The trial court proceeded with closing arguments. The State addressed the murder conviction and requested the maximum sentence of ten years for assault family violence run consecutive to the twenty-year sentence in the murder conviction. Defense counsel argued against imposition of consecutive sentences and argued a jury had found twenty years confinement appropriate on the murder conviction. The trial court ruled Appellant would serve ten years for the original offense of assault family violence and assessed a $1,000 fine. Additionally, the trial court ordered the sentence to run "consecutively with any other sentence that you have already been punished to serve."

Appellant presents four issues challenging the trial court's cumulation order. Specifically, he maintains (1) the trial court violated his right to individualized sentencing under the Eighth Amendment of the United States Constitution and Texas law; (2) the trial court abused its discretion in ordering his sentence to be served consecutively to any prior sentence; (3) the trial court's cumulation order is void as insufficient regarding

---

[2] A plea of true standing alone is sufficient to support the trial court's order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

specificity of any previous conviction; and (4) the trial court abused its discretion in refusing him an opportunity to be heard. We modify and affirm the judgment.

**ISSUE ONE—INDIVIDUALIZED SENTENCING**

Appellant maintains the trial court violated his right to individualized sentencing. We disagree. Individualized sentencing allows a defendant facing the most serious penalties to have an opportunity to advance mitigating factors and have those factors assessed by a judge or jury. *Miller v. Alabama*, 567 U.S. 460, 475–76, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012). The Eighth Amendment does not mandate individualized sentencing in adult noncapital cases. *Graham v. Florida*, 560 U.S. 48, 60, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010). The United States Supreme Court has expressly refused to extend the Eighth Amendment's individualized sentencing requirement to adult noncapital cases. *Harmelin v. Michigan*, 501 U.S. 957, 995–96, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991). Appellant was not entitled to individualized sentencing.

In the underlying case, the record does not show that Appellant was prevented from presenting relevant mitigating evidence. Instead, the record reveals during the punishment phase, defense counsel announced he had no evidence to present. Appellant was given "the *opportunity* to present evidence *during the proceedings*. That is all that is required." *Pearson v. State*, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999) (emphasis in original). Issue one is overruled.

**ISSUE TWO—CONSECUTIVE SENTENCES**

Appellant asserts the trial court abused its discretion in ordering his sentence in the underlying offense to be served consecutive to a prior sentence. We disagree.

3

A trial court has broad discretion to cumulate sentences. TEX. CODE CRIM. PROC. ANN. art. 42.08(a); *Byrd v. State*, 499 S.W.3d 443, 446 (Tex. Crim. App. 2016). Generally, sentences run concurrently if the convictions arise out of the same "criminal episode" and the cases are prosecuted in a single criminal action.[3] TEX. PENAL CODE ANN. § 3.03(a). The offense of assault family violence was committed on or about December 18, 2018, and the murder was committed on or about May 23, 2019. Appellant's crimes did not arise from the same "criminal episode" and were not prosecuted together. Thus, the trial court did not abuse its discretion in ordering Appellant's sentences to be served consecutively. Issue two is overruled.

**ISSUE THREE—IS THE CUMULATION ORDER VOID?**

Appellant contends the trial court's cumulation order is void due to a lack of specificity which is required to notify the Texas Department of Criminal Justice to identify the prior conviction with which to cumulate the new conviction. We agree the cumulation order does not contain the required information but disagree it is void.

Appellant correctly notes a cumulation order should be sufficiently specific to allow the Texas Department of Criminal Justice to identify the prior conviction with which the

---

[3] "Criminal episode" is defined as follows:

the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated commission of the same or similar offenses.

TEX. PENAL CODE ANN. § 3.01.

4

new conviction is cumulated.  *See Ex parte San Migel*, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998).  A cumulation order should contain the following information: (1) the cause number of the prior conviction, (2) the correct name of the court in which the prior conviction occurred, (3) the date of the prior conviction, (4) the term of years assessed in the prior case, and (5) the nature of the prior conviction.  *Ward v. State*, 523 S.W.2d 681, 682 (Tex. Crim. App. 1975); *Gaston v. State*, 63 S.W.3d 893, 900 (Tex. App.—Dallas 2001, no pet.).  Cumulation orders containing less than the recommended elements have been upheld.  *Banks v. State*, 708 S.W.2d 460, 461 (Tex. Crim. App. 1986).

State's Exhibit 3, which was admitted into evidence, provides the necessary information to justify the cumulation order.  As the State notes, we have the ability to modify a judgment when the necessary information is contained in the record.  TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993).

Accordingly, on page three of the judgment under the heading "**Furthermore, the following special findings or orders apply**," we add the following modification:

> The Court orders that the ten-year sentence for assault family violence in Cause Number 077023-B-CR from the 181st District Court of Potter County, Texas, imposed on June 30, 2022, shall run consecutively and shall begin only when the twenty-year sentence for murder in Cause Number 077689-B-CR from the 181st District Court of Potter County, Texas, imposed on May 13, 2022, has ceased to operate.

With this modification of the cumulation order, issue three is overruled.

ISSUE FOUR—OPPORTUNITY TO BE HEARD

Appellant maintains the trial court abused its discretion in denying him the opportunity to be fully heard on the issue of consecutive sentences.  We disagree.

5

Defense counsel argued as follows:

> [a] Potter County jury of 12 people heard the evidence over a full week and they decided the punishment [for the murder conviction] was appropriate at 20 years in the Texas Department of Corrections.
>
> I know the State was dissatisfied with that and perhaps the family of the deceased was dissatisfied with - -

The prosecutor objected that the argument was speculative, and the trial court sustained the objection. Defense counsel then suggested consecutive sentences would essentially enhance Appellant's twenty-year sentence the jury had assessed for the murder conviction. He urged the trial court to punish Appellant solely for assault family violence for which he was originally placed on three years deferred adjudication.

Here, Appellant's argument is couched in terms of improper jury argument and what he perceives as an incorrect ruling on his argument that the State's motive in seeking consecutive sentences was to punish him in excess of the twenty-year sentence assessed in the murder case. He concludes the trial court's ruling denied him the opportunity to be heard. We disagree for several reasons.

First, Appellant has not cited any authority and we have found none in which cases on improper "jury" argument apply to a bench trial. *But see Garcia v. State*, No. 13-15-00508-CR, 2016 Tex. App. LEXIS 7986, at *13 (Tex. App.—Corpus Christi July 28, 2016, pet. ref'd) (mem. op., not designated for publication) (declining to apply the same rules that restrict jury argument to a bench trial on punishment). Under the circumstances of the underlying case, we reject the contention that defense counsel's argument should have been allowed as a summation of the evidence, a reasonable deduction drawn from the evidence, or an answer to opposing counsel's argument. However, there was no

6

evidence to show the State requested consecutive sentences in retaliation to the sentence in the murder case.

Second, Appellant contends our review of the trial court's ruling excluding his closing argument should be treated similarly to a ruling excluding evidence, which is reviewed for abuse of discretion. Although it is not improper for counsel to include opinions in closing arguments, they should be based on the evidence. *Allridge v. State*, 762 S.W.2d 146, 156 (Tex. Crim. App. 1988) (noting that a prosecutor may argue his opinions as long as they are based on the evidence in the record and do not constitute unsworn testimony). We apply the same reasoning discussed in *Allridge* to defense counsel's closing argument that the State was seeking consecutive sentences due to dissatisfaction with the sentence imposed in the murder conviction and to "appease" the victim's family. In doing so, we find defense counsel's argument was based on pure speculation and not on evidence. We conclude the trial court did not abuse its discretion in sustaining the State's objection to defense counsel's closing argument. Issue four is overruled.

## CONCLUSION

As modified, the trial court's judgment is affirmed.

Alex L. Yarbrough
Justice

Do not publish.

7