

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00111-CR

---

DARREN RAY GUNNELS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Donley County, Texas
Trial Court No. 4184, Honorable Stuart Messer, Presiding

---

July 30, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Through five issues, Appellant, Darren Ray Gunnels, appeals his conviction for evading arrest in a motor vehicle[1] and twenty-year sentence of confinement. We overrule each of Appellant's issues, modify the judgment to correct a clerical error, and affirm the judgment as modified.

---

[1] TEX. PENAL CODE ANN. § 38.04(a),(b)(2)(A).

## Background

Nasha Gibson testified that on the evening of August 12, 2022, she was alone in her grandmother's house in Clarendon, Texas, when Appellant entered and charged at her with a gun. They had previously been in a dating relationship. Gibson stated that Appellant shoved her and fired the gun, causing her to fear for her life, though she was not hit. She grabbed her cellphone, fled the house, hid in bushes, and called the police. Gibson later saw Appellant driving down the road with a sheriff's car, its emergency lights activated, in pursuit.

Donley County Deputy Sheriff Wes Christopher testified he was dispatched to the location where Gibson alleged Appellant fired a gun at her. The radio call identified both Gibson and Appellant, whom Christopher knew. Christopher testified that he wore a deputy sheriff's uniform and badge while driving to the scene in a marked sheriff's department vehicle with red and blue emergency lights. He observed Appellant speed through a stop sign without yielding; he believed the two drivers made eye contact.

Christopher gave chase with his patrol vehicle's emergency lights activated. During the pursuit, Appellant ran a second stop sign. Christopher followed for another block before Appellant turned toward U.S. Highway 287. Christopher continued pursuing on parallel streets, then onto Highway 287 at high speed. Appellant ignored the flashing lights and exited the highway onto a city street with Christopher still in pursuit.

Christopher testified that Appellant abruptly stopped his vehicle in the middle of the street, exited through the front passenger window, and ran toward a nearby house.

2

Christopher activated his body camera as he exited his patrol vehicle.[2] When Appellant reached the backyard, Christopher drew his service weapon and ordered him to stop. Appellant complied and was arrested on an outstanding warrant; he did not have a firearm, and a search of his vehicle and the area did not produce a gun.

A three-count indictment charged Appellant with aggravated assault with a deadly weapon, burglary of a habitation, and evading arrest in a motor vehicle. At trial, the jury found Appellant not guilty of aggravated assault and burglary but guilty of evading arrest. It assessed his punishment at twenty years in prison, and the trial court imposed the sentence.[3]

Appellant filed a motion for a new trial, arguing insufficient evidence to support his conviction. The motion was overruled by operation of law, leading to this appeal.

**Analysis**

Preliminary Matters

Before addressing Appellant's issues, the condition of the appellate record must be noted, as it underlies most of Appellant's complaints. Appellant properly requested the appellate record, but the court reporter who prepared it is deceased, and the judge who presided over Appellant's trial is retired.

---

[2] An excerpt of the body camera video was admitted into evidence as State's exhibit 9, played for the jury, and filed in this Court by the court reporter as a trial exhibit.

[3] Evading arrest in a motor vehicle is classified as a third-degree felony. TEX. PENAL CODE ANN. § 38.04(b)(2)(A). The punishment was enhanced to a second-degree felony due to Appellant's plea of true to a prior felony conviction. TEX. PENAL CODE ANN. § 12.42(a). The range of punishment for a second-degree felony is 2 to 20 years in prison and a fine up to $10,000. TEX PENAL CODE ANN. § 12.33.

Appellant's brief, filed on December 4, 2023, highlighted several inaccuracies in the reporter's record: incorrect exhibits from another case, a section of the State's closing argument filled with the letter "p," and an index listing incorrect witness names and attorneys. Following Appellant's brief, the State was requested to respond to the discrepancies but did not.

On December 27, 2023, this Court abated the appeal and instructed the trial court to correct the record by January 26, 2024. A hearing was held on January 17, 2024, where trial counsel and the State were directed to file affidavits and certified trial exhibits. The State was directed to "attempt to retrieve the Reporter's documents/recordings from the deceased court reporter's daughter and attempt to have another Court Reporter supplement the record."

A supplemental clerk's record containing the affidavits of Appellant's trial counsel and the State, along with the trial court's written order, was filed with this Court on January 24, 2024. Appellant's trial counsel stated there were no defense exhibits relevant to the appeal, so none were attached. The State's affidavit claimed that State's exhibits 1–13 had been attached; instead, exhibits 16–20 were provided, showing four prior convictions, a complaint and information, and a fingerprint card concerning Appellant. Other documentary evidence admitted at the punishment phase was not attached. No supplemental reporter's record correcting the discrepancies was filed, and no explanation for its absence was provided by any party. We reinstated the appeal on March 20, 2024. The State filed its brief on April 19, 2024.[4]

_____

[4] To date, neither Appellant nor the State has objected to the process whereby the Court sought to correct the record.

4

Issues 1, 2, and 4:  Sufficiency of the Evidence

By his first, second, and fourth issues Appellant argues the evidence was insufficient to support his conviction for evading arrest in a vehicle.  We discuss these issues jointly.

Appellant first contends the evidence was insufficient to prove he intentionally fled from a person he knew was a peace officer.  A court reviewing the evidence for sufficiency must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found each essential element of the offense beyond a reasonable doubt.  *Jackson v. Virginia,* 443 U.S. 307, 320, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State,* 323 S.W.3d 893, 896 (Tex. Crim. App. 2010).  The Court should defer to a jury's determination of credibility and weight of the evidence.  *Brooks,* 323 S.W.3d at 894.  The jury is entitled to judge the credibility of witnesses and draw reasonable inferences from the basic facts to ultimate facts.  *Jackson,* 443 U.S. at 319.

The indictment alleged Appellant intentionally fled from Wesley Christopher, a person he knew was a peace officer attempting to lawfully arrest or detain him, using a vehicle, and during the offense, Appellant used or exhibited a deadly weapon—a motor vehicle.  Likewise, the application paragraph in the charge required the jury to determine whether the State proved beyond a reasonable doubt that: (1) Appellant, in Donley County, Texas, on or about August 12, 2022, intentionally fled from Wesley Christopher, (2) Appellant knew Christopher was a peace officer, (3) Appellant fled while Christopher was attempting to lawfully arrest or detain him, and (4) Appellant used a vehicle while in flight.

Deputy Christopher testified he responded to Gibson's call in a marked sheriff's vehicle equipped with emergency lights, and dressed in a deputy sheriff's uniform and badge. The jury heard testimony that upon seeing Appellant speed through a stop sign, Christopher activated his emergency lights and gave chase, believing he and Appellant made eye contact. Despite Christopher's emergency lights being activated, Appellant refused to yield. During the pursuit, Christopher followed Appellant on Highway 287 and onto a dirt street, where Appellant stopped and fled on foot. Appellant's continued attempt to elude Christopher by fleeing supports a finding that he intended to evade arrest in a vehicle. *See Alexander v. State,* 229 S.W.3d 731, 740 (Tex. App.—San Antonio 2007, pet. ref'd) (noting intent may be inferred, inter alia, from a defendant's actions during and after the incident); *Duren v. State,* 87 S.W.3d 719, 724 (Tex. App.—Texarkana 2002, pet struck) (holding that jurors may use common sense and everyday experience to infer knowledge or intent from the acts, words, and conduct of the accused.). We conclude that, based on the evidence admitted at trial and included in the appellate record, a rational juror could have found beyond a reasonable doubt the essential elements of the offense of evading arrest in a motor vehicle. *See Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

Appellant argues that under the *Jackson* standard, the evidence supporting his conviction was insufficient due to the aforementioned discrepancies in the reporter's record. It is Appellant's burden to show harm from a missing or lost reporter's record. *See Gaston v. State,* 63 S.W.3d 893, 899 (Tex. App.—Dallas 2001, no pet.). Appellant does not allege any errors or omissions in the record of testimony relevant to the jury's verdict. The noted discrepancies do not detract from the strength of the evidence in the

6

appellate record and therefore do not alter our conclusion that the evidence sufficiently supports Appellant's conviction for evading arrest in a motor vehicle.

Similarly, Appellant argues the evidence supporting his conviction is insufficient because the clerk's record did not include all admitted exhibits and defense exhibits offered but not admitted. We infer that any omissions were resolved to Appellant's satisfaction at the trial court's January 17 hearing. Moreover, we have found the record as presented sufficiently supports Appellant's conviction. We overrule Appellant's first, second, and fourth issues.

Alleged Denial of Due Process

Through his third issue, Appellant complains he was denied due process due to the previously noted record deficiencies. "[O]nce a State offers to criminal defendants the opportunity to appeal their cases, it must provide a trial transcript to an indigent defendant if the transcript is necessary to a decision on the merits . . . ." *Ake v. Oklahoma,* 470 U.S. 68, 76, 105 S. Ct. 1087, 84 L. Ed. 2d 53 (1985). An accurate record is essential to satisfy a criminal appellant's right to due process. *Revell v. State,* No. 10-06-00137-CR, 2007 Tex. App. LEXIS 10184, at *2–3 (Tex. App.—Waco Sept. 26, 2007, per curiam order) (not designated for publication). Due process requires the State to provide an indigent appellant with a "record of sufficient completeness" to allow proper consideration of his claims. *Mayer v. City of Chicago,* 404 U.S. 189, 193–94, 92 S. Ct. 410, 30 L. Ed. 2d 372 (1971).

As shown above, the record supporting Appellant's conviction for evading arrest in a motor vehicle is sufficiently complete. There is no claim of a missing exhibit or omitted

7

testimony material to the jury's guilty verdict. Volume 5 of the reporter's record includes the proceedings of the guilt-innocence phase following the close of evidence: the charge conference, reading of the jury charge, closing arguments, and the jury's verdict. Appellant has not shown, and we do not find, that the inaccuracy of the one-page index to volume 5 denied Appellant proper consideration of his claims on appeal. Similarly, the omission of a portion of the State's closing argument in volume 5 has not been shown to harm the presentation of Appellant's issues on appeal. Harmful error during argument was not raised here nor expressed to the trial court during its hearing on remand. *Gaston v. State,* 63 S.W.3d at 899. We conclude no due process violation has been shown and overrule Appellant's third issue.

Alleged Disproportionate Sentence

By his fifth issue, Appellant argues that the sentence imposed violates the Eighth Amendment's prohibition against cruel and unusual punishment. To preserve error, a defendant must make a timely request, objection, or motion to the trial court. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). Constitutional rights, including the right to be free from cruel and unusual punishment, can be waived by failing to raise those issues in the trial court. *Russell v. State*, 341 S.W.3d 526, 527 (Tex. App.—Fort Worth 2011, no pet.); *Castaneda*, 135 S.W.3d at 723. If a defendant fails to object to an alleged disproportionate or cruel and unusual sentence at trial or in a post-trial motion, he or she waives any error for appellate review. *Brooks v. State*, No. 07-23-00110-CR, 2024 Tex. App. LEXIS 833, at *6–7 (Tex. App.—Amarillo Feb. 1, 2024, pet. ref'd) (mem. op., not designated for publication) (citing *Rhoades v. State*, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996) (en banc)).

Here, Appellant did not complain that the sentence violated his constitutional rights when the trial court pronounced his sentence, nor did he raise this complaint in his motion for a new trial. Thus, Appellant has not preserved his Eighth Amendment complaint for appellate review. *Caudill v. State*, No. 07-19-00331-CR, 2021 Tex. App. LEXIS 5590, at *4–5 (Tex. App.—Amarillo July 14, 2021, no pet.) (mem. op., not designated for publication).

Error in the Written Judgment

On our own review of the record, we observe that the written judgment of conviction incorrectly states: "Degree of Offense: 3rd Degree Felony Enhanced to a 2nd degree felony." Appellant pled true to a prior felony conviction, enhancing his punishment to a second degree felony per Penal Code section 12.42(a). However, the level of the convicting offense itself was not enhanced. *See Ford v. State,* 334 S.W.3d 230, 234–35 (Tex. Crim. App. 2011).

This Court has the authority to modify incorrect judgments when the necessary information is available. *See* TEX. R. APP. P. 43.2(b) (authorizing courts of appeals to modify trial court's judgment and affirm it as modified); *Bigley v. State,* 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (concluding that Texas Rules of Appellate Procedure empower courts of appeals to reform judgments). Accordingly, we modify the judgment to state under the degree of offense heading: "Degree of Offense: 3rd Degree Felony (enhanced for punishment to 2nd Degree Felony)." *See Aragon v. State*, Nos. 07-18-00367-CR, 07-18-00368-CR, 07-18-00369-CR, 2019 Tex. App. LEXIS 5053, at *7–9 (Tex. App.—Amarillo June 18, 2019, pet. ref'd) (mem. op., not designated for publication)

(modifying "degree of offense" category of judgment to state jail felony rather than second degree felony); *Dominguez v. State,* No. 03-22-00763-CR, 2023 Tex. App. LEXIS 6594, at *2–3 (Tex. App.—Austin Aug. 25, 2023, no pet.) (mem. op., not designated for publication) (modifying judgment in like manner).

## Conclusion

Having overruled Appellant's issues and modified the judgment as noted, we affirm the trial court's judgment as modified.

Lawrence M. Doss
Justice

Do not publish.